IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EVOL, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| v. | § | |
| | § | |
| SUPPLEMENT SERVICES, LLC d/b/a | § | |
| MUSCLEMEDS | § | DEMAND FOR JURY TRIAL |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

For its original complaint for false advertising and unfair competition arising under the Lanham Act, 15 U.S.C. § 1051 et seq., and the common law, Plaintiff EVOL, Inc. ("EVOL"), by and through its attorneys Carstens & Cahoon, LLP, avers as follows:

## PARTIES

1. EVOL is a Texas corporation in good standing, with its principal place of business at 13737 N. Stemmons Freeway, Farmers Branch, TX 75234, which is within the Northern District of Texas.

2. Upon information and belief, Defendant Supplement Services, LLC d/b/a MuscleMeds ("MuscleMeds") is a corporation of unknown organization with its principal place of business located in New Jersey.

**JURISDICTION AND VENUE**

3.     Subject matter jurisdiction is proper in this Court because this litigation arises under federal law, namely 15 U.S.C. § 1121, et seq. (Lanham Act).  The Court therefore has jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1338 and 1367.

4.     This Court has personal jurisdiction over Defendant MuscleMeds in this action because, upon information and belief, many of the Defendant's products, including products that compete with EVOL's products, have been and continue to be sold within Texas and within this judicial district.

5.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) because Defendant's unlawful acts of unfair competition and false advertising have occurred, and will continue to occur, in this judicial district, and because Defendant's products may be found in this judicial district.

**FACTUAL BACKGROUND**

6.     EVOL markets and distributes food and sports nutritional supplements through its website and through independent distributors and retailers in this judicial district and nationwide.  EVOL has engaged in extensive advertising and promotion of its products to gain goodwill and public recognition of its products.

7.     Defendant MuscleMeds distributes, advertises and promotes food and sports nutritional supplements which compete directly with those of EVOL.

8.     Upon information and belief, MuscleMeds has used and continues to use, manufacture, offer for sale, and/or sell in this judicial district "Arimatest," a synthetic testosterone supplement.

9. Upon information and belief, the advertising materials produced, distributed, published and/or authorized for publication or distribution by MuscleMeds, both in print media and for use on Internet websites, contain numerous false, misleading and/or deceptive statements about MuscleMeds' Arimatest products, including but not limited to the following:

   a. "10,000% increase in testosterone";

   b. "Laboratory test results: free testosterone elevation of up to 12,149%";

   c. "Laboratory tests reveal that Arimatest is the most powerful anti-aromatase agent in existence. This unique compound reduces estrogen and triggers never before seen elevations in testosterone"; and

   d. "While other supplements are bragging about 200%, 300% and the closest competitor brags about 600% increases—Arimatest blows them away".

10. Upon information and belief, MuscleMeds has used and continues to use, manufacture, offer for sale, and/or sell in this judicial district "MethylBURN Extreme," a fat-burning supplement.

11. Upon information and belief, the advertising materials produced, distributed, published and/or authorized for publication or distribution by MuscleMeds, both in print media and for use on Internet websites, contain numerous false, misleading and/or deceptive statements about MuscleMeds' MethylBURN Extreme products, including but not limited to the following:

   a. "Burns 12X more calories"; and

   b. "Gain 3X more strength".

12. Defendant has published the aforementioned false and deceptive statements in interstate commerce to wholesalers, distributors, retail stores and customers to induce them to buy Defendant's products rather than EVOL's products.

## **CLAIMS FOR RELIEF**

### **COUNT ONE**
### **(Unfair Competition, False Advertising under Lanham Act)**

13. EVOL realleges and incorporates by reference the allegations in Paragraphs 1-12 above.

14. This claim arises under the Lanham Act, 15 U.S.C. § 1051 et seq.

15. Upon information and belief, on the basis of the foregoing paragraphs, Defendant has, in connection with goods, used a false and/or misleading description of fact, which in commercial advertising or promotion, misrepresents the nature, characteristics and/or qualities of Defendant's goods.

16. Defendant's statements have actually deceived or have the capacity to deceive a substantial segment of potential consumers.

17. Defendant's deception is material and is likely to influence the consumer's purchasing decision.

18. Defendant's false and misleading statements and representations were and are made in interstate commerce.

19. Defendant's improper activities, as described above, have been willful and deliberate, thereby making this an exceptional case under the Lanham Act.

20. As a result of Defendant's improper activities, as described above, EVOL has suffered and will continue to suffer substantial injury, including irreparable injury and damages, including but not limited to loss of sales and profits which EVOL would have made but for the false and deceptive advertising by Defendant.

## COUNT TWO
### (Common Law False Advertising and Unfair Competition)

21. EVOL realleges and incorporates by reference the allegations in Paragraphs 1-20 above.

22. This claim arises under the common law unfair competition laws of the several states.

23. Upon information and belief, Defendant has used a false and/or misleading description of fact in connection with its Arimatest and MethylBURN Extreme products, which in commercial advertising or promotion, misrepresents the nature, characteristics and/or qualities of Defendant's products.

24. Defendant's statements have actually deceived or have the capacity to deceive a substantial portion of consumers.

25. Defendant's deception is material and is likely to influence the consumer's purchasing decision.

26. Defendant's false and misleading statements and representations were and are made in interstate commerce.

27. Defendant's aforesaid activities constitute unfair competition under the common law.

28. As a result of Defendant's unfair competition, EVOL has suffered and will continue to suffer substantial injury, including irreparable injury and damages.

## **DEMAND FOR JURY TRIAL**

29. Pursuant to Fed. R. Civ. P. 38, EVOL hereby demands a trial by jury on all issues set forth herein that are properly triable to a jury.

## **PRAYER FOR RELIEF**

WHEREFORE, EVOL respectfully requests that the Court:

A. Enter judgment that:

  i. Defendant has willfully and deliberately engaged in false advertising and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and

  ii. Defendant has engaged in unfair competition under the common law;

B. Grant a permanent injunction enjoining Defendant, its agents, sales representatives, distributors, servants and employees, attorneys, affiliates, subsidiaries, successors and assigns, and any and all persons or entities acting at, through, under or in active concert or in participate with Defendant from making false and misleading statements and representations concerning its products, specifically Arimatest and MethylBURN Extreme; and

C. Award:

  i. Damages sustained by EVOL pursuant to 15 U.S.C. § 1117(a)(2) and as otherwise permitted by law;

  ii. EVOL's costs of suit, including reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a)(3) and as otherwise permitted by law;

  iii. Prejudgment and post-judgment interest; and

  iv. Any other relief, in law and in equity, to which the Court finds EVOL justly entitled.

Dated: September 29, 2009              Respectfully submitted,

                                                    CARSTENS & CAHOON, LLP

                                                    s/ Casey L. Griffith
                                                    David W. Carstens
                                                    Texas Bar No. 03906900
                                                    Casey L. Griffith
                                                    Texas Bar No. 24036687
                                                    Bobby W. Braxton
                                                    Texas Bar No. 24059484
                                                    Amanda K. Jenkins
                                                    Texas Bar No. 24054550
                                                    13760 Noel Road, Suite 900
                                                    Dallas, Texas 75240
                                                    Telephone:   (972) 367-2001
                                                    Facsimile:  (972) 367-2002

                                                    **COUNSEL FOR PLAINTIFF**
                                                    **EVOL, INC.**