**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **EVOL, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 3:09-cv-01839-O** |
| **SUPPLEMENT SERVICE, LLC d/b/a MUSCLEMEDS,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO TRANSFER**


Craig W. Weinlein
State Bar No. 21095500
Prescott W. Smith
State Bar No. 24013534
CARRINGTON, COLEMAN, SLOMAN & BLUMENTHAL, L.L.P.
901 Main Street, Suite 5500
Dallas, TX 75202-3767
Telephone: 214/855-3000
Telecopy: 214/855-1333
cweinlein@ccsb.com
psmith@ccsb.com

Robert J. Schoenberg
RIKER DANZIG SCHERER HYLAND & PERRETTI LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962-1981
Telephone: 973/451-8511
Telecopy: 973/451-8604

*Attorneys for Defendant Supplement Service, LLC d/b/a MuscleMeds*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................ 1

LEGAL ARGUMENT ........................................ 2

**I.** THE ACTION SHOULD BE TRANSFERRED TO THE DISTRICT OF NEW JERSEY CONSISTENT WITH FIFTH CIRCUIT CASE LAW ........................................ 2

**A.** Plaintiff Erroneously Urges This Court To Base Its Decision Not On Fifth Circuit Law, But On The Argument Of A MuscleMeds Affiliate In An Unrelated Matter. ........................................ 2

**B.** Evol's Argument That Transfer Should Be Denied Because Unrelated Matters "Might" Be Consolidated Is Misleading And Lacks Merit. ........................................ 4

**C.** Recent Fifth Circuit Court Decisions Have Held That A Party Seeking Transfer Need Not Name Its Key Witnesses And Summarize Their Testimony ........................................ 6

CONCLUSION ........................................ 8

CERTIFICATE OF SERVICE ........................................ 9

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Gulf Oil Corp. v. Gilbert*,
330 U.S. 501 (1947) .......... 3

*Humble Oil & Ref. Co. v. Bell Marine Serv. Inc.*,
321 F.2d 53 (5th Cir. 1963) .......... 3

*In re Volkswagen*,
545 F.3d 304 (5th Cir. 2008) .......... 3, 7, 8

*Odom v. Microsoft Corp.*,
596 F. Supp. 2d 995 (E.D. Tex. 2009) .......... 7

*Piper Aircraft Co. v. Reyno*,
454 U.S. 235 (1981) .......... 7

*Young v. Armstrong World Indus. Inc.*,
601 F. Supp. 399 (N.D. Tex. 1984) .......... 6, 7

**STATUTES**

28 U.S.C. § 1404(a) .......... 3, 8

**PRELIMINARY STATEMENT**

Defendant Supplement Services, LLC, d/b/a MuscleMeds ("MuscleMeds" or "Defendant") submits this reply brief in further support of its motion to transfer venue.

The opposition brief of Plaintiff Evol, Inc. ("Evol" or "Plaintiff") fails to provide a legally cognizable basis for denying Defendant's motion. Instead, Evol props up its opposition with three unsound arguments:

1. Plaintiff erroneously argues that Defendant MuscleMeds should somehow be bound by the previously asserted arguments of its affiliate, Maximum Human Performance Inc. ("MHP") in an unrelated matter, irrespective of Fifth Circuit law on venue transfer;

2. Plaintiff erroneously argues that the possibility of consolidation of unrelated cases with distinctly different facts, parties, and law should prevent transfer (such a motion was filed by Dymatize Enterprises Inc. ("Dymatize"), an affiliate of Evol, on November 18, 2009);

3. Plaintiff erroneously contends that Fifth Circuit law requires the moving party to identify its witnesses and anticipated testimony, as a condition of venue transfer.

For the foregoing reasons, this Court should grant Defendant's motion and transfer this action to the District of New Jersey.

## LEGAL ARGUMENT

**I. THE ACTION SHOULD BE TRANSFERRED TO THE DISTRICT OF NEW JERSEY CONSISTENT WITH FIFTH CIRCUIT CASE LAW**

***A. Plaintiff Erroneously Urges This Court To Base Its Decision Not On Fifth Circuit Law, But On The Argument Of A MuscleMeds Affiliate In An Unrelated Matter.***

Plaintiff argues that this Court should deny MuscleMeds' motion to transfer venue because MHP, a MuscleMeds affiliate, in an unrelated matter, argued as a Plaintiff against the transfer of venue.[1] A motion to transfer venue should be adjudicated on its own merits and applicable law. The fact that MHP advanced a different position in a different case with different facts in a different judicial circuit is not legally relevant. Evol argues:

> The interest of justice disfavors awarding Defendant and Defendant's attorneys, for arguing contrary positions when presented with the same facts. As such, the interest of justice weighs heavily against transfer.

(Evol's Opposition Brief dated Nov. 18, 2009 ("Evol Br.") at 5).

Evol's opposition to the instant transfer motion fails to address the outcome in the New Jersey case, and the basis for the opinion issued by Magistrate Judge Salas. There, in deciding a motion to transfer venue in favor of Dymatize, an Evol affiliate, Magistrate Judge Salas found transfer appropriate to the forum where the defendant and the defendant's key witnesses were located, because the burden to produce the key witnesses rested with the defendant:

> Dymatize's marketing, shipping, manufacturing research, and development takes place in Texas. MHP's false advertising and unfair competition claims arose out of activities that allegedly took place at Dymatize's headquarters in Texas. Proof of MHP's claims will turn on evidence demonstrating whether Dymatize and/or

[1] The referenced case was *Maximum Human Performance v. Dymatize Enterprises, Inc.*, United States District Court, District of New Jersey, Case No. 2:09-cv-00235 (PGS). On Dymatize's motion to transfer, the Court transferred the case to the Northern District of Texas, and it bears Civil Action No. 3:09-cv-1719 (hereinafter referred to as "Case Two").

> Casid designed and implemented the alleged false advertising campaign in Texas. Witnesses to the alleged false advertising and unfair competition are likely to be officers and/or employees of Dymatize, all of whom are located in Texas. In addition, all books, records and information relating to the design, selection and implementation of the alleged false advertising campaign are located in Texas.

(*See* Def. Reply App. at pp. 15-16 [Opinion of Magistrate Salas at pp. 13-14]).

Evol fails to cite any Fifth Circuit law supporting its assertion that MuscleMeds is bound by a well-reasoned argument made by MHP, its affiliate, in an unrelated case opposing a venue transfer. This Court should not be distracted by Plaintiff's meritless "contrary position" argument but should adjudicate the merits of this transfer motion pursuant to Fifth Circuit law interpreting 28 U.S.C. § 1404(a), which provides that for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The Fifth Circuit has adopted the standard of "good cause" which the moving party must meet in order to warrant transfer of venue pursuant to § 1404(a). In determining whether the "good cause" standard has been met, the Court must analyze the circumstances presented under the private and public interest factors first enunciated by the Supreme Court in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947), and subsequently adopted by the Fifth Circuit in *Humble Oil & Ref. Co. v. Bell Marine Serv. Inc.*, 321 F.2d 53, 56 (5th Cir. 1963). (Defendant's Br. In Support of Mot. to Transfer at p. 5).

This Court, following the criteria set out in *In re Volkswagen*, 545 F.3d 304, 315 (5th Cir. 2008), should find that the Defendant's witnesses are the key witnesses in this action, and these witnesses are located in New Jersey; that Defendant's principal place of business is in New Jersey and Evol's false advertising and unfair competition claims arose out of activities that allegedly took place at MuscleMeds' headquarters in New Jersey. Here, all documents relating to the advertising statements for the products that Evol contends are false are located in New

Jersey. (*See* App. in Support of Defendant's Mot. to Transfer at pp. 1-2 [Dente Decl. ¶¶ 4-6]). These factors, along with those set forth in MuscleMeds' opening brief, overwhelmingly establish that for the convenience of the parties and witnesses, and in the interest of justice this case should be transferred to the District of New Jersey.

### *B. Evol's Argument That Transfer Should Be Denied Because Unrelated Matters "Might" Be Consolidated Is Misleading And Lacks Merit.*

Evol urges this Court to once again abandon Fifth Circuit case law, and instead rely on the possibility of a consolidation of unrelated cases as the basis to deny Defendant's venue transfer motion. The Motion to Consolidate filed by Evol's affiliate Dymatize on November 18, 2009, seeks to consolidate unrelated matters which are comprised of different facts, different parties, and different causes of action.[2]

Throughout Evol's opposition to this motion, Evol makes several specious arguments that the instant motion should be denied due to the "possibility of consolidation." By illustration, Evol says:

> The mere possibility of consolidation, tied with the fact that Defendant affiliates and President are currently involved in extensive litigation in the Northern District of Texas strongly weighs against transfer.

* * *

[2] The first case is *Dymatize Enterprises, Inc. v. Maximum Human Performance, Inc.*, Civil Action No. 3:09-cv-0046 (hereinafter referred to as "Case One"). Case One was originally filed by Dymatize on January 9, 2009, but amended on October 23, 2009 to add six antitrust causes of action. The second case is *Maximum Human Performance, Inc. v. Dymatize, Inc.*, Civil Action No. 3:09-cv-1719 (hereinafter referred to as "Case Two"). Case Two was originally filed by MHP in the United States District Court for the District of New Jersey on January 16, 2009, but subsequently transferred to this Court. The third case is *Dymatize Enterprises, Inc. v. Maximum Human Performance, Inc., Gerard Dente, and Supplement Services, LLC, d/b/a MuscleMeds*, Civil Action No. 3:09-cv-1840 (hereinafter referred to as "Case Three"). Dymatize filed Case Three on September 29, 2009. The fourth case is the instant matter, *Evol, Inc. v. Supplement Services, LLC, d/b/a MuscleMeds*, Civil Action No. 3:09-cv-1839 (hereinafter, "Case Four"). Evol filed Case Four on September 29, 2009.

> Defendant will have to produce witnesses and evidence in the Northern District of Texas, many of which may overlap with the instant case. Considering the foregoing, denying the transfer will promote judicial economy and efficiency, and reduce the possibility of inconsistent judgments.
>
> * * *
>
> Defendant and Defendant's affiliates are involved in four cases currently pending before the Court. Consequently, there is a possibility that the instant case and Dymatize II will be consolidated with the two previously consolidated cases.

(Evol Br. at 3-4).

As set forth in Defendants' Response and Brief in Opposition to Plaintiff's Request for Consolidation of the Four Cases,[3] an analysis of the procedural history of these cases demonstrates that Evol never believed that the cases were ripe for consolidation--until MuscleMeds filed its transfer motion. By way of example:

- It was Evol, and its affiliate Dymatize, that elected to file Case Three and Case Four as separate actions on September 29, 2009. If Evol and Dymatize truly believed these actions to be legally and factually similar it could easily have filed a single lawsuit on that day.

- Dymatize initiated the litigation by filing Case One in this Court on January 9, 2009. If Dymatize truly believed that all these cases were similar enough to consolidate, it could have moved in Case One to amend its pleadings and to join other parties and claims.

- On October 12, 2009, MHP and Dymatize filed an unopposed motion to consolidate Case One and Case Two. At that time, Dymatize made no mention of any intention to later seek to consolidate the other unrelated cases filed on September 29, 2009.

Of even greater significance, the cases which are the subject of Dymatize's motion to consolidate are dissimilar on the issues of law, facts, and parties. The following points briefly highlight these major factual differences:

- MuscleMeds, a defendant in this action, is also a defendant in Case Three, but is not a plaintiff or defendant in Cases One or Two.

[3] Filed in Cause No. 3:09-cv-1840-O on November 23, 2009, Docket No. 18.

- MuscleMeds and MHP are affiliates, but are legally distinct and separate entities. Each entity independently markets, sells, and distributes its own nutritional supplement products through distributors and on its own website. (*See* Def. Reply App. at pp. 18-19 [Dente Decl. at ¶¶ 2-3]).

- Gerard Dente is a party to Case Three, but not a party in any of the other three actions.

- Evol is a plaintiff in this case, but not a party in any of the other three actions.

- Case One and Case Two both are based upon MHP's claim that Dymatize's advertising for its Elite 12 product is false and misleading. Case Three and Case Four are based upon Dymatize's claim that MHP's and MuscleMeds' advertising for its products are false and misleading.

- Case Three and Four involve entirely different products from the single Dymatize product ("Elite 12") at issue in Cases One and Two. All advertising for the products at issue in Cases Three and Four are entirely different from the advertising at issue in Cases One and Two. Thus, the key witnesses and documents in Case One and Two are Dymatize's and the key witnesses and documents in Cases Three and Four are MHP's and MuscleMeds'. (*See* Def. Reply App. at p. 19 [Dente Decl. at ¶ 3]).

- Dymatize recently amended its complaint in Case One to assert six new antitrust causes of action for monopolization and restraint of trade. None of the other three cases involve such antitrust claims and complex legal and discovery issues associated therewith. (*See* Def. Reply App. at pp. 24-30 [Dymatize Amended Compl. at ¶¶ 20-49]).

For the above reasons, the pending transfer motion should be decided on the merits and based on Fifth Circuit law, and not influenced by a belated motion for consolidation, filed by Evol's affiliate, Dymatize, which was filed for the sole purpose of interfering with this transfer motion.

### *C. Recent Fifth Circuit Court Decisions Have Held That A Party Seeking Transfer Need Not Name Its Key Witnesses And Summarize Their Testimony*

Evol erroneously argues in its opposition brief that, under *Young v. Armstrong World Indus. Inc.*, 601 F. Supp. 399 (N.D. Tex. 1984), the movant in a motion to transfer venue is required to specifically identify its key witnesses that will be produced at trial:

> Because Defendant failed to specify key witnesses to be called, make a general statement of what their testimony will cover, and identify any unwilling witnesses whose testimony would need to be compelled, Defendant has failed to prove that the availability of compulsory process weighs in favor of transfer

(Evol Br. at 9). Evol's position is flawed: *Young* is not the law in the Fifth Circuit.

In *In re Volkswagen*, 545 F.3d 304 (2008), the Fifth Circuit addressed the issue of whether a party seeking a transfer of venue was required to identify all key witnesses, and summarize their testimony:

> The Singletons argue that Volkswagen has not provided affidavits from these individuals indicating what specific testimony they might offer, has not explained why such testimony is important or relevant, and has not indicated that such testimony is disputed. In the forum non conveniens context, however, we have rejected 'the imposition of a blanket rule requiring affidavit evidence.

*Id.* at 317. (citations omitted). In reaching that conclusion, the Court adopted the United States Supreme Court holding in *Piper Aircraft Co.* rejecting the contention "that defendants seeking forum non conveniens dismissal must submit affidavits identifying the witnesses they would call and the testimony these witnesses would provide if the trial were held in the alternative forum." *Id.* at 317 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 258 (1981)).

Thus, the Fifth Circuit has made clear, in the context of a motion to transfer venue, that there is no "blanket rule" requiring witness identification. The Eastern District of Texas has applied the Fifth Circuit's holding in *Volkswagen* to conclude there is no requirement to identify specific witnesses in the context of a motion to transfer. *See Odom v. Microsoft Corp.*, 596 F. Supp. 2d 995, 1001-02 (E.D. Tex. 2009) (not requiring defendants to identify all of its potential witnesses for purposes of a motion to transfer venue).

Defendant's opening brief, which notes that all personnel related to quality assurance, distribution, sales, accounting, shipping, purchasing, research and development, and marketing are located in New Jersey (*see* App. In Support of Mot. to Transfer at p. 2 [Dente Decl. at ¶ 5]),

sufficiently satisfies the private interest factor enunciated in *Volkswagen* relating to the cost of attendance for willing witnesses. As noted in Defendant's opening brief, it is apparent that it would be more convenient for substantially all the witnesses if the trial were held in the District of New Jersey, as the Northern District of Texas is approximately 1500 miles from New Jersey.

## CONCLUSION

For all the foregoing reasons, the defendant, Supplement Services, LLC d/b/a MuscleMeds respectfully requests that the Court transfer this action to the District of New Jersey, pursuant to 28 U.S.C. §1404(a).

Respectfully submitted,

/s/ Prescott W. Smith
Craig W. Weinlein
State Bar No. 21095500
Prescott W. Smith
State Bar No. 24013534
CARRINGTON, COLEMAN, SLOMAN & BLUMENTHAL, L.L.P.
901 Main Street, Suite 5500
Dallas, TX 75202-3767
Telephone: 214/855-3000
Telecopy: 214/855-1333
cweinlein@ccsb.com
psmith@ccsb.com

Robert J. Schoenberg
RIKER DANZIG SCHERER HYLAND & PERRETTI LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962-1981
Telephone: 973/451-8511
Telecopy: 973/451-8604

*Attorneys for Defendant Supplement Service, LLC d/b/a MuscleMeds*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 3rd of December, 2009, pursuant to Federal Rule of Civil Procedure 5 and Northern District Local Rule 5.1(d), a true and correct copy of this document was served upon all attorneys of record, via ECF electronic mail.

David W. Carstens
Casey L. Griffith
CARSTENS & CAHOON, LLP
13760 Noel Road, Suite 900
Dallas, Texas 75240

/s/ Prescott W. Smith
Prescott W. Smith