**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **EVOL, INC.,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | Civil Action No. 3:09-CV-1839-O |
| § | |
| **SUPPLEMENT SERVICES, LLC,** § | |
| **d/b/a MUSCLEMEDS** § | |
| § | |
| **Defendant.** § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the District Court's *Order of Reference*, filed January 6, 2010, before the Court is *Defendant's Motion to Transfer the Action*, filed October 29, 2009. (doc. 6). Based on the relevant filings, evidence, and applicable law, Defendant's motion should be **DENIED**.

**I. BACKGROUND**

Plaintiff EVOL, Inc., is a Texas corporation with its principal place of business in Texas. Defendant Supplement Services, LLC d/b/a MuscleMeds, is a New Jersey limited liability company, with its principal place of business in New Jersey. EVOL and Musclemeds are both in the business of marketing and distributing food and sports nutritional supplements. EVOL alleges that MuscleMeds' products, Arimatest and MethylBURN Extreme, compete directly with its products, and that MuscleMeds' advertising materials contain false, misleading, and deceptive statements about these products. EVOL claims that MuscleMeds is liable for unfair competition and false advertising under the common law and the Lanham Act, 15 U.S.C. § 1051 *et seq*.

On October 29, 2009, MuscleMeds filed a motion to transfer venue from the Northern District of Texas to the District of New Jersey. The parties timely filed a response ("Resp.") and

reply ("Reply"), and the motion is now ripe for consideration.

## II.  MOTION TO TRANSFER

Pursuant to 28 U.S.C. § 1404(a), MuscleMeds moves to transfer this lawsuit to the District of New Jersey.  (Mot. at 2).

A district court may transfer any civil case "[f]or the convenience of parties and witnesses, in the interest of justice ... to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  As a threshold matter, the language of § 1404(a) requires the court to determine whether the proposed transferee district is one in which the suit might have been brought.  *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003).  Once this threshold has been met, the court must then consider a number of private and public interest factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.  *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (hereinafter *In re Volkswagen II*).  The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive."  *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) [hereinafter *In re Volkswagen I*] (citing *Piper Aircraft Co. v. Hartzell Propeller, Inc.*, 454 U.S. 235, 241 n.6).  The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law."  *Id*.  A court may not transfer a case where the result is merely to shift inconvenience of the venue from one party to the other.

*Fowler v. Broussard*, 2001 WL 184237, at *2 (N.D. Tex. Jan. 22, 2001) (Fitzwater, J.). "The moving parties bear the burden of proving by a preponderance of the evidence that transfer is appropriate." *Bank One*, *N.A. v. Euro-Alamo Invs., Inc.*, 211 F.Supp.2d 808, 812 (N.D. Tex. 2002) (Fitzwater, J.).

**A.** **Proposed Transferee District**

As a threshold matter, the Court must determine whether the proposed transferee district is one in which the suit might have been brought. *In re Horseshoe Entm't*, 337 F.3d at 433. Since this action is founded on federal question jurisdiction, venue is proper only in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

Here, it is undisputed that this suit might have been brought in the District of New Jersey. First, the only defendant in this action resides in the District of new Jersey; Musclemeds is a New Jersey limited liability company with its principal place of business in New Jersey. *See* 28 U.S.C. § 1391(c) (a corporate defendant resides in any district where it is subject to personal jurisdiction). Second, a substantial part of the events giving rise to EVOL's claims of unfair competition and false advertisement allegedly occurred in the New Jersey offices of MuscleMeds.

**B.** **Private Interest Factors**

Since the suit might have been brought in the District of New Jersey, the Court next considers the private interest factors set out in *Volkswagen* to determine whether they favor transfer.

*1. Relative Ease of Access to Sources of Proof*

As for the relative ease of access to sources of proof, MuscleMeds contends that all documents relating to the design, selection, research and implementation of the allegedly false advertising statements regarding Arimatest and MethylBURN Extreme are located in New Jersey. (Mot. at 6). EVOL responds that MuscleMeds has not specified the existence, number, and volume of documents. (Resp. at 7).

By not specifying the number and volume of documents, MuscleMeds has failed to show that the amount of documents and their location would impose a hardship upon the parties. Given this failure, the first factor is neutral. *See NDC Invest. LLC v. Lehman Bros., Inc.*, 2006 WL 2051030, at *4 (N.D. Tex. July 21, 2006) (Fitzwater J.) (holding the factor neutral because movants did not demonstrate the number and volume of documents and records).

### 2. *Availability of Compulsory Process*

The second factor is the availability of compulsory process to compel the presence of unwilling witnesses. MuscleMeds asserts that the Northern District of Texas lacks absolute subpoena power over non-party witnesses such as independent consultants located in New Jersey, since these witnesses are outside the Northern District's subpoena power for depositions under Fed. R. Civ. P. 45(c)(3)(A)(ii), and since any trial subpoenas for these witnesses to travel more than a 100 miles would be subject to motions to quash under Fed. R. Civ. P. 45(c)(3)(A)(ii). (Mot. at 6). EVOL responds that MuscleMeds has failed to specify key witnesses to be called, make a general statement of what their testimony will cover, and identify any unwilling witnesses whose testimony would need to be compelled. (Resp. at 8-9).

Since MuscleMeds does not identify any unwilling witnesses whose testimony may need to be compelled, this factor is neutral. *See Pinnacle Label, Inc. v. Spinnaker Coating, LLC*, 2009 WL

3805798, at *10 (N.D. Tex. Nov. 12, 2009) (Fitzwater C.J.) (concluding this factor is neutral where no unwilling witnesses are identified); *Ternium Int'l U.S.A. Corp. v. Consol. Sys., Inc.*, 2009 WL 464953, at *3 (N.D. Tex. Mar. 25, 2009) (Fish, J.) (same).

MuscleMeds counters that it is not required to identify key witnesses under *In re Volkswagen II* and *Odom v. Microsoft Corp.*, 596 F.Supp.2d 995, 1001-02 (E.D. Tex. 2009). (Reply at 6-7). These cases state that movants are not required to provide affidavits identifying each proposed witness and outlining their testimony. They don not stand for the proposition that movants need not identify key witnesses at all.

### *3. Cost of Attendance for Willing Witnesses*

The third factor is the cost of attendance for willing witnesses. MuscleMeds states that since all the events giving rise to EVOL's claims occurred in New Jersey, almost all of its key witnesses, such as quality assurance, distribution, purchasing, packaging, research and development, and marketing personnel, would be from New Jersey. MuscleMeds suggests that because of the 1500-mile distance between New Jersey and Texas, it would be less costly to hold trial in New Jersey. (Mot. at 6-7). EVOL counters that MuscleMeds does not specify the key witnesses to be called or make a general statement of what their testimony will cover. (Resp. at 7).

Even though MuscleMeds has established at a general level that its witnesses will likely be from New Jersey, again it has not identified any key witnesses. As a result, the cost of attendance factor is neutral. *See Kimberly-Clark Worldwide, Inc. v. First Quality*, 2009 WL 2634860, at *6 (N.D. Tex 2009) (Fitzwater J.) (concluding that the factor is neutral where parties seeking transfer establish at a general level that witnesses will likely be derived from the transferee district but fail to identify any key witnesses).

*4. Practical Problems that Make the Trial of a Case Easy, Expeditious, and Inexpensive*

MuscleMeds does not address and the Court does not find any other practical considerations related to the transfer. This factor is neutral.

**C.    Public Interest Factors**

The Court also considers the public interest factors to see if they favor transfer.

*1. Administrative Difficulties flowing from Court Congestion*

In deciding a motion to transfer, a court must evaluate "the administrative difficulties flowing from court congestion." *In re Volkswagen II*, 545 F.3d at 315. MuscleMeds does not argue that this factor favors transfer. EVOL, on the other hand, cites statistics from the United States Courts' website to show that this case could proceed to trial more quickly in the Northern District of Texas than in the District of New Jersey. (Resp. at 9).

Even though EVOL states that the median time to trial in the Northern district is 24.0 months for a jury trial as compared to 39.5 months in the district of New Jersey, it does not point to median times for cases adjudicated under the Lanham Act. *See Odom v. Microsoft Corp.*, 596 F.Supp.2d 995, 1003 (E.D. Tex. 2009) (this factor is neutral where non-movant points to median times to trial generally but does not point to median times for patent cases).

*2. Local Interest in Having Localized Interests Decided At Home*

The second factor is the local interest in having localized interests decided at home. MuscleMeds argues that New Jersey has a strong interest in deciding this case since all the business activities that gave rise to EVOL's claims occurred in the New Jersey offices of MuscleMeds. (Mot. at 7-8). EVOL, on the other hand, asserts that Texas has an interest in this case because the alleged wrong-doer is from New Jersey and the allegedly false advertisements entered Texas. (Resp.

at 11).

There is no doubt that residents of the Northern District of Texas have an interest in this dispute because the allegedly false advertisements entered Texas. *See Your Town Yellow Pages, L.L.C. V. Liberty Press*, 2009 WL 364509, at *14 (N.D. Tex., Nov. 2, 2009) (Fitzwater J.). The District of New Jersey has an interest in the dispute, but only because the outcome may have a direct financial impact on one of the parties. *See id.* Since the public at large is only affected in the Northern District of Texas, it has a direct interest in the dispute and is the more appropriate venue for resolving it. *See id.* This factor weighs against transfer.

### *3. Familiarity of the Forum with the Law That Will Govern the Case*

The parties do not address whether this factor weighs in favor of or against transfer. This case asserts claims for unfair competition and false advertising under the Lanham Act and common law. Since this case involves federal law, both the Northern District of Texas and the District of New Jersey are equally capable of applying it. Where, as here, "the pre-dominant issues in the case involve federal law, or when the foreign law to be applied is not particularly complicated," this factor is neutral. *See Odom*, 596 F.Supp.2d at 1004.

### *4. Avoidance of Unnecessary Problems of Conflict of Law*

The parties do not argue and there do not appear to be any conflict of law issues in this case. This factor is therefore neutral.

### D.     **Balancing the Factors**

Having considered all relevant factors, the Court finds that one factor weighs against granting the motion to transfer while seven are neutral in the analysis. On balance, the dispute between the parties would not proceed more conveniently and the interests of justice would not be

better served by transferring the case to the District of New Jersey. In sum, MuscleMeds has not met its burden to show by a preponderance of evidence that the transfer is appropriate, and the motion to transfer should be **DENIED**.

## IV.  CONCLUSION

Defendant's motion to transfer should be **DENIED**.

**SO RECOMMENDED** on this 28th day of February, 2010.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE