UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EVOL, INC., | § § § § | |
| Plaintiff, | § | |
| v. | § § | Civil Action No. 3:09-cv-01839-O |
| SUPPLEMENT SERVICES, LLC d/b/a MUSCLEMEDS, | § § § § | |
| Defendant. | § | |

## DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S RECOMMENDATION TO DENY MOTION TO TRANSFER VENUE AND BRIEF IN SUPPORT

Craig W. Weinlein
  State Bar No. 21095500
Prescott W. Smith
  State Bar No. 24013534
CARRINGTON, COLEMAN, SLOMAN
  & BLUMENTHAL, L.L.P.
901 Main Street, Suite 5500
Dallas, TX 75202-3767
Telephone:  214/855-3000
Telecopy:   214/855-1333
cweinlein@ccsb.com
psmith@ccsb.com

Robert J. Schoenberg
RIKER DANZIG SCHERER HYLAND
  & PERRETTI LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962-1981
Telephone:  973/451-8511
Telecopy:   973/451-8604

*Attorneys for Defendant Supplement Services, LLC d/b/a MuscleMeds*

## **TABLE OF CONTENTS**

Table of Contents ................................................................................................................. ii

Table of Authorities ............................................................................................................ iii

Preliminary Statement .......................................................................................................... 1

Procedural History ............................................................................................................... 2

Legal Argument ................................................................................................................... 4

    I.      The Appropriate Standard of Review. ................................................................ 4

    II.     The Magistrate Judge Erred in Deeming the "Availability of Compulsory Process" and "Cost of Attendance for Willing Witnesses" Factors as Neutral. ................................................................................................................ 5

    III.    The Magistrate Judge Erred in Deeming the Local Interest Factor to Weigh Against Transfer. ............................................................................................. 9

    IV.    The Magistrate Judge Erred in Deeming the "Relative Ease of Access to Proof" Factor as Neutral. .................................................................................. 12

Conclusion ......................................................................................................................... 15

Certificate of Service ......................................................................................................... 16

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Chapman v. Dell*, Inc.,
  No. EP-09-CV-7-KC, 2009 WL 1024635 (W.D. Tex. Apr. 15, 2009)..................................9

*In re TS Tech United States Corp.*,
  551 F.3d 1315 (Fed. Cir. 2008).................................................................................. 11-12

*In re Volkswagen* ("Volkswagen II"),
  545 F.3d 304 (5th Cir. 2008) ........................................................................................ passim

*Kimberly-Clark Worldwide, Inc. v. First Quality Baby Prods., LLC*,
  No. 3:09-CV-0488-D, 2009 WL 2634860 (N.D. Tex. Aug. 26, 2009)(O'Connor, J.)......13, 14

*Odom v. Microsoft*,
  596 F. Supp. 2d 995 (E.D. Tex. 2009).................................................................7, 8, 9, 12

*Settlement Capital Corp. v. Pagan*,
  No. 3:07-CV-1609-O, 2009 WL 856466 (N.D. Tex. Mar. 30, 2009)(O'Connor, J.).................4

*Teesa Wallace v. Child Care Associates*,
  2008 WL 4180261 (N.D. Tex. 2008)(O'Connor, J.) ...............................................................11


**RULES AND STATUTES**

15 U.S.C. § 1051....................................................................................................................2

28 U.S.C. § 636(b)(1)(C) ....................................................................................................4, 5

FED. R. CIV. P. 72(a) ...............................................................................................................5

FED R. CIV. P. 72(b) ............................................................................................................1, 4

## PRELIMINARY STATEMENT

Pursuant to Federal Rule of Civil Procedure 72(b) and N.D. Tex. L.R. 72, Defendant Supplement Services, LLC d/b/a MuscleMeds ("MuscleMeds" or "Defendant") respectfully submits these Objections and brief in support, to the Findings, Conclusions and Recommendation entered by Magistrate Judge Irma C. Ramirez on February 28, 2010, denying Defendant's motion to transfer venue of this action to the District of New Jersey.

In reaching her erroneous recommendation denying the motion to transfer venue, the Magistrate Judge misapplied the law and, consequently, incorrectly evaluated and weighed several of the key factors in any venue transfer motion.

On October 29, 2009, MuscleMeds filed a Motion to Transfer seeking transfer of this matter to the District of New Jersey. Following full briefing by the parties, but without conducting a hearing, Magistrate Judge Ramirez entered her Findings, Conclusions, and Recommendation (the "Recommendation") which recommended that MuscleMeds' motion to transfer the action should be denied. The denial of MuscleMeds' transfer motion is erroneous for the following reasons:

1. The Magistrate Judge incorrectly found that MuscleMeds' failure to provide a explicit list of witness names and summaries of their proposed testimony – as opposed to their job titles and functions at MuscleMeds – was determinative with respect to the factors of (i) availability of compulsory process and (ii) cost of attendance for willing witnesses. Contrary to Magistrate Judge Ramirez's findings, applicable case law does not require an identification of the names of key witnesses or their proposed testimony.

2. The Court also failed to give proper weight to the *undisputed* Declaration of Gerard Dente, President of MuscleMeds (the "Dente Declaration"), which stated that all the alleged acts that are the subject of the claims took place in New Jersey and all of MuscleMeds' key witnesses reside and work in New Jersey. By utilizing legal principles not favored in the Fifth Circuit, the Magistrate Judge incorrectly found the above two factors to be neutral as opposed to favoring transfer to New Jersey.

1

3.  The Magistrate Judge also erred in finding that a greater local interest exists in having this matter heard in the Northern District of Texas. The Magistrate Judge's finding was based on the fact that the "alleged false advertisements entered Texas" and "the public at large *was only affected* in the Northern District of Texas." (emphasis added). As stated in MuscleMeds' moving papers, New Jersey has an unquestionably strong interest in hearing these matters as the claims at issue arose in New Jersey and relate to a New Jersey entity. Moreover, federal courts in Texas have consistently found in similar matters that Texas has no more or less a meaningful connection to the case than any other district. As such, the Magistrate Judge erred in failing to find the local interest factor to be, at most, neutral.

4.  Finally, the court erroneously found that the factor of ease of access to sources of proof was neutral due to MuscleMeds' failure to specify the number and volume of documents relating to this matter. This finding is flawed as MuscleMeds indicated through the Dente Declaration the type and location of documents relevant to this matter and, pursuant to precedent in this district, have sufficiently identified the documents for the purposes of a motion to transfer.

For the above reasons, the Report and Recommendation of the Magistrate Judge reached a decision that is supported by neither the applicable legal principles or a proper evaluation of the uncontested facts presented in connection with the venue transfer motion. When analyzed correctly, the factors decidedly weigh in favor of transfer of this action to the District of New Jersey. Accordingly, MuscleMeds respectfully requests that the Court reject the Magistrate Judge's Recommendation and grant its motion to transfer this matter to the District of New Jersey.

## PROCEDURAL HISTORY

This is an action brought by Evol, Inc. ("Evol"), a Texas corporation, against MuscleMeds, a resident of New Jersey, for violation of the Lanham Act, 15 U.S.C. § 1051 *et seq.*, the common law and the law of the State of Texas. In its Answer, filed on October 29, 2009, MuscleMeds asserted as an Affirmative Defense that this matter should be transferred to

the District of New Jersey (Def. App. Ex. A, at p. 4 [Defendant's Answer]).[1] MuscleMeds thereafter brought a Motion to Transfer (the "Transfer Motion"). (*See* Def. App. Ex. B, at pp. 7-31 [Defendant's Transfer Motion]). In the Transfer Motion, MuscleMeds set forth its arguments in favor of transfer through analysis of the various private and public factors which are determinative of the proper venue. MuscleMeds' arguments included:

1. The private factor of "Relative Ease of Access to Proof" favored transfer to the District of New Jersey as all the documents relating to the design, selection, research and implementation of the trademark at issue and all the advertising statements related to the claims at issue were all located in New Jersey.

2. The private factor of "Availability of Compulsory Process" favored transfer to the District of New Jersey as several witnesses, such as independent consultants, were located in New Jersey, and thus, were outside the subpoena power of the Northern District of Texas.

3. The private factor of "Cost of Attendance for Willing Witnesses" favored transfer to the District of New Jersey as all MuscleMeds' key witnesses are located in New Jersey, and pursuant to Texas' controlling "100-mile Threshold Rule," it would be substantially more convenient if the matter were venued in New Jersey as the Northern District of Texas is approximately 1500 miles from the Northern District of Texas.

4. The public factor of "Local Interest in Having Localized Interests Decided at Home" favored transfer to the District of New Jersey as all the business activities that gave rise to the alleged causes of action arose out of actions conducted at the New Jersey offices of MuscleMeds.

(*See Id.* at 16-19).

Evol filed its response opposing MuscleMeds' Transfer Motion on November 18, 2009. (*See* Def. App. Ex. C, at pp. 32-47 [Response]). In its response, Evol did not make any arguments challenging the Dente Declaration with respect to the location of MuscleMeds' key

---

[1] MuscleMeds' Appendix in Support of Defendant's Objections to Magistrate Judge's Recommendation to Deny Motion to Transfer Venue is filed contemporaneously herewith, and references to this Appendix are abbreviated as "Def. App." Because Magistrate Judge Ramirez did not conduct a hearing in connection with Defendant's motion to transfer venue, the Appendix does not contain a transcript.

witnesses or relevant documents. *Id.* MuscleMeds filed its reply brief in further support of the Transfer Motion on December 3, 2009. (*See* Def. App. Ex. D, at pp. 48-91 [Reply]).

On February 28, 2010, the Magistrate Judge filed a formal Recommendation with her proposed rulings regarding MuscleMeds' Transfer Motion, which was served on the parties via ECF on March 1, 2010. (*See* Def. App. Ex. E, at pp. 92-99 [Recommendation]) In recommending denial of the Transfer Motion, the Magistrate Judge found, in pertinent part, that:

1. MuscleMeds' failure to specify the number and volume of documents deemed the private factor of "Relative Ease of Access to Proof" to be neutral.

2. MuscleMeds' failure to identify *by name* any unwilling witnesses whose testimony may need to be compelled deemed the private factor of "Availability of Compulsory Process" to be neutral.

3. MuscleMeds' failure to identify *by name* any key witnesses from New Jersey deemed the private factor of "Cost of Attendance for Willing Witnesses" to be neutral.

4. The public factor of "Local Interest in Having Localized Interests Decided at Home" weighed against transfer since the public at large is *only affected in the Northern District of Texas*.

(*Id.*).

## **LEGAL ARGUMENT**

I.   **The Appropriate Standard of Review.**

The Court reviews a party's challenge to the decision of a magistrate judge in a dispositive matter pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. *Settlement Capital Corp. v. Pagan*, No. 3:07-CV-1609-O, 2009 WL 856466, at *1 (N.D. Tex. Mar. 30, 2009)(O'Connor, J.) (*See* Def. App. Ex. I, at pp. 120-23 [*Settlement Capital*]). Once a party has timely filed objections to a magistrate judge's recommendation, Rule 72(b) and Section 636(b)(1)(C) require that a District Court conduct a *de novo* review of those portions of the recommendation to which the party has objected. *See* FED R. CIV. P. 72(b);

28 U.S.C. § 636(b)(1)(C). Based on its review, the District Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

Since the Magistrate Judge deemed this matter to be dispositive by entering a recommendation, as opposed to an order[2], and since this matter is indeed dispositive with respect to MuscleMeds' Second Affirmative Defense, the appropriate standard of review for the District Court to apply regarding its review of the Recommendation is *de novo*. Should this Court deem the subject of the Transfer Motion to be non-dispositive, and subject to review under Rule 72(a) of the Federal Rules of Civil Procedure, MuscleMeds submits that the Court should nevertheless reject the Recommendation under the "clearly erroneous" or "contrary to law" standard. *See* FED. R. CIV. P. 72(a).

### II. The Magistrate Judge Erred in Deeming the "Availability of Compulsory Process" and "Cost of Attendance for Willing Witnesses" Factors as Neutral.

In the Recommendation, the Magistrate Judge erred in finding the private factors of "Availability of Compulsory Process" and "Cost of Attendance for Willing Witnesses" to be neutral. This finding was based, in its entirety, on MuscleMeds' failure to provide lists of the specific names of their non-party witnesses and party witnesses along with a summary of their testimony. In doing so, the Magistrate Judge seemingly ignored the language of applicable case law -- language which MuscleMeds relied on -- in making her ruling. Because MuscleMeds' proofs were examined under a legal standard that is not a standard at all, it is respectfully suggested that the Magistrate Judge made an erroneous finding regarding the factors of "Availability of Compulsory Process" and "Cost of Attendance for Willing Witnesses." When properly evaluated, those factors both weigh in favor of transfer to the District of New Jersey.

---

[2] By way of contrast, Magistrate Judge Ramirez entered an Order, as opposed to a recommendation, with respect to Dymatize's Motion to Consolidate on March 3, 2010.

With respect to the "Availability of Compulsory Process" factor, MuscleMeds argued that the Northern District of Texas does not have subpoena power over certain non-party witnesses, such as certain independent consultants who provide advice in connection with the design and production of the products at issue. Those individuals and their companies are located in New Jersey.[3] (*See* Def. App. Ex. B, p. 17 [Transfer Motion]). Accordingly, those non-party witnesses are outside a 100-mile radius from the Northern District of Texas, and this Court would be unable to compel those witnesses to appear at trial. (*Id.*).

Even more significant, MuscleMeds submitted Dente's declaration, which demonstrated that **all** its key fact witnesses, such as their quality assurance, distribution, packaging, research and development and marketing personnel, are located in New Jersey. (*See* Def. App. Ex. B, pp. 23-24 [Dente Decl.]). In its response, Evol did not rebut this contention. Because it is undisputed that all the key fact witnesses for MuscleMeds are located in New Jersey, the "Cost of Attendance for Willing Witnesses" factor undeniably tilts in favor of MuscleMeds, as the cost to bring all of those witnesses to trial in the Northern District of Texas, 1500 miles away from their residence and workplace, would be substantial and unwarranted. (*See* Def. App. Ex. B, pp. 17-18 [Transfer Motion]).

In their reply brief, MuscleMeds provided further support for their arguments with respect to these two factors. Citing *In re Volkswagen*, 545 F.3d 304 (5th Cir. 2008) ("Volkswagen II"), MuscleMeds argued that the Fifth Circuit had rejected the contention "that defendants seeking forum non conveniens dismissal must submit affidavits identifying the witnesses they would call and the testimony these witnesses would provide if the trial were held

---

[3] As Mr. Dente declared: "all of MuscleMeds employees and independent consultants are located in New Jersey. This includes all quality assurance distribution, sales, accounting, shipping, purchasing, packaging, research and development and marketing employees and consultants." (*See* Def. App. Ex. B, pp. 23-24 [Dente Decl. at ¶ 4]).

6

in the alternative forum." (*See* Def. App. Ex. D, pp. 56-58 [Defendant's Reply]). Based on this holding by the Fifth Circuit, the Eastern District of Texas recently disavowed the proposition that a movant is required to submit a list of witnesses in the context of a motion to transfer venue. *See Odom v. Microsoft*, 596 F. Supp. 2d 995, 1001-02 (E.D. Tex. 2009). MuscleMeds thus argued to the Court that based on (i) the Dente Declaration that all of the party witnesses in MuscleMeds' critical areas of operation and non-party witnesses were located in New Jersey – facts undisputed by Evol, (ii) the application of the 100-mile threshold rule, and (iii) the logically and legally relevant holding in *Odom*, it had sufficiently demonstrated that the above factors all weighed in favor of transfer of the case to the District of New Jersey. (*Id.*).

Nevertheless, in ruling on these two factors the Magistrate Judge found that MuscleMeds' failure to specify the names of its key party and non-party witnesses deemed the "Availability of Compulsory Process" and "Cost of Attendance for Willing Witnesses" factors to be neutral. (*See* Def. App. Ex. E, pp. 95-97 [Recommendation]). The Magistrate Judge, in erroneously rejecting MuscleMeds' arguments, stated that the *Volkswagen II* and *Odom* cases only stood for the proposition that movants are not required to provide *affidavits* identifying each of the proposed witnesses and their testimony -- not that the movants need not identify key witnesses at all. (*Id.*) (emphasis added).

MuscleMeds submits that the Magistrate Judge misinterpreted the Eastern District of Texas' holding. In *Odom*, the Eastern District of Texas examined the factors of "Availability of Compulsory Process" and "Cost of Attendance for Willing Witnesses" in the context of a motion to transfer. *Odom*, 596 F. Supp. 2d at 1001. There, Microsoft, the party seeking transfer, identified its potential party witnesses as "Microsoft's legal department" which was located in Redmond, Washington and "the development team for Microsoft Office 2007" which was also

7

located in Redmond, Washington. *Id.* Microsoft also identified one non-party witness who was located in Portland, Oregon. *Id.* In response to Microsoft's identifications, the opposing party argued that these two factors should be neutral due to Microsoft's failure to provide "a list identifying with specificity the name and location of witnesses and the testimony they are expected to provide." *Id.*

Ruling on these two factors, the *Odom* court clearly stated the Fifth Circuit *has never* explicitly held that such a [witness] list is required." *Id.* (emphasis added). Consistent with this statement, the *Odom* Court found that Microsoft, in providing the above representations regarding its witness, "ha[d] provided a sufficient identification of key witnesses," and to require a more specific showing would only "result in unnecessary delay" in the resolution of the motion to transfer. *Id.* Further, the court found that the opposing party had not meaningfully attacked Microsoft's assertion that most of the key witnesses were not located in or near the other jurisdiction. *Id.* In light of these findings, and due to the 1700 mile distance between the competing venues, the *Odom* court found that these two factors weighed "considerably in favor of transfer." *Id.* at 1002.

Consistent with the *Odom* decision, MuscleMeds herein provided in their Transfer Motion sufficient information regarding their witnesses and location. Specifically, MuscleMeds stated in the Dente Declaration and in their briefs that their non-party witnesses were independent consultants who are located in New Jersey and its party witnesses were quality assurance, distribution, purchasing, packaging, research and development and marketing personnel, all of whom are located in New Jersey.[4] (*See* Def. App. Exs. B, D, pp. 23-24

---

[4] This is not a "scattered witness" case in which the movant's witnesses are scattered in various different locations, some closer, and some more distant, than the venue at issue. In a "scattered witness" case, it may be sensible to expect the movant to identify which witnesses are actually necessary in order to assess whether a transfer would truly promote convenience. In contrast, this is a case in which all, or virtually

[Defendant's Transfer Motion, Reply, and Dente Decl.]). Also as in *Odom*, these facts were *undisputed* by Evol in its opposition papers. Here, MuscleMeds' representations are consistent with those provided in *Odom* where the court found that the party seeking transfer provided sufficient witness information and determined the subject factors to weigh *considerably* in favor of transfer.

Since it is clear that *Odom* does not stand merely for the proposition that affidavits regarding witnesses are not required, as the Magistrate Judge erroneously concluded, and since MuscleMeds has acted in accordance with this well-reasoned precedent from the Eastern District of Texas which applied the *Volkswagen II* principles as they were intended, the Magistrate Judge has erred in finding these factors to be neutral.[5] Accordingly, MuscleMeds submits that the Court should reject the Magistrate Judge's findings in this regard and find the factors of "Availability of Compulsory Process" and "Cost of Attendance for Willing Witnesses" to weigh strongly in favor of transferring this matter to the District of New Jersey.

### III. The Magistrate Judge Erred in Deeming the Local Interest Factor to Weigh Against Transfer.

In the Recommendation, the Magistrate Judge found that the public factor of "Local Interest in Having Localized Interests Decided at Home" weighed against transferring this matter to the District of New Jersey. The Magistrate Judge, while recognizing that the District of New Jersey also has an interest in this matter, erroneously concluded that since the public at large is

---

all, of Defendant's party and non-party witnesses are located in New Jersey, 1500 miles away from the Texas forum. *See Chapman v. Dell,*, Inc. No. EP-09-CV-7-KC, 2009 WL 1024635 (W.D. Tex. Apr. 15, 2009) (*See* Def. App. Ex. F, pp. 100-107 [*Chapman*]).

[5] Alternatively, MuscleMeds respectfully requests that if the Court were to determine, despite the controlling legal principles cited and discussed herein, that MuscleMeds was procedurally defective in not providing a list of witnesses by name, as opposed to title, the Court should permit MuscleMeds a reasonable period of time to provide the Court with such a list.

*only affected in the Northern District of Texas*, the Northern District of Texas is the more appropriate venue for resolving this matter. (*See* Def. App. Ex. E, at pp. 97-98 [Recommendation]) This conclusion is faulty for at least two reasons. First, federal case law in Texas dictates the most appropriate venue for this matter is the district where the cause of action arose (*i.e.*, New Jersey). Second, the Magistrate Judge's conclusion is severely at odds with a string of Texas case law holding that, in similar matters, no jurisdiction possesses a dominant local interest where, as here, the product is sold nationwide. Accordingly, MuscleMeds submits that the Magistrate Judge incorrectly ruled on the "Local Interest" factor which, at best, should be neutral.

MuscleMeds argued in its moving papers that New Jersey has a strong interest in deciding this case because all the business activities that gave rise to the alleged causes of action arose out of actions conducted at the New Jersey offices of a New Jersey company by their local personnel. (*See* Def. App. Ex. B, at pp. 18-19 [Transfer Motion]). MuscleMeds further provided, by way of background, that it markets and distributes food and sports nutritional supplements through its website and through independent distributors and retailers located in New Jersey and *nationwide*. (*See* Def. App. Ex. B, at p. 23 [Dente Decl. at ¶ 2) (emphasis added). In response, Evol, more or less, advanced no argument regarding this factor, instead only comparing MuscleMeds' argument with arguments advanced in another suit. (*See* Def. App. Ex. C, at pp. 44-45 [Evol Response]).

However, in the Recommendation, the Magistrate Judge went beyond the arguments advanced by the parties in reaching her conclusion. While the Magistrate Judge recognized that New Jersey has an interest in this matter, she deemed this factor to weigh against transfer to the District of New Jersey. The Magistrate Judge's conclusion was that "there is no doubt the

residents of the Northern District of Texas have an interest in this dispute because the allegedly false advertisements entered Texas." (*See* Def. App. Ex. E, p. 98 [Recommendation]). Further the Magistrate Judge found that the "public at large is only affected in the Northern District of Texas" and that the Northern District of Texas "has a direct interest in the dispute and is the more appropriate venue for resolving it." *Id.*

MuscleMeds submits that this conclusion is flawed for at least two reasons. First, MuscleMeds provided clear precedent from this Court which provides that the appropriate venue in such disputes is the district where the cause of action arose. *See Teesa Wallace v. Child Care Associates*, 2008 WL 4180261, *2 (N.D. Tex. 2008)(O'Connor, J.) (*See* Def. App. Ex. G, pp. 108-10 [*Wallace*]). This argument was unopposed by Evol and recognized, but inexplicably ignored, by the Magistrate Judge. The *Wallace* standard clearly dictates that the District of New Jersey has the stronger interest in hearing this matter.

Second, the Magistrate Judge's conclusion regarding the "Local Interest" factor runs afoul of clear precedent. In *Volkswagen II*, 545 F.3d at 304, the Fifth Circuit reviewed a decision of the Eastern District of Texas with respect to a motion to transfer. In reviewing the district court's ruling on the "Local Interest" factor, the court stated:

> The district court's provided rationale -- that the citizens of Marshall have an interest in this product liability case because the product is available in Marshall...*stretches logic* in a manner that eviscerates the public interest that this factor attempts to capture. *The district court's provided rationale could apply virtually to any judicial district or division in the United States.*

545 F.3d at 318. (emphasis added).

Under factually similar circumstances to the present case, the court in *In re TS Tech United States Corp.*, 551 F.3d 1315, 1321 (Fed. Cir. 2008), reached the exact same conclusion. The *TS Tech* Court, in a patent infringement matter, found that the alleged infringing products "were sold throughout the United States, and thus, the citizens of the Eastern District of Texas

11

have no more or less of a meaningful connection to this case than any other venue." *Id.* at 321. Likewise, in another patent infringement case, the Eastern District of Texas stated that "when a defendant sells products all over the country, no specific venue has a dominant interest in resolving the issue of patent infringement." *Odom*, 596 F. Supp. 2d at 1003.

Given the conclusions reached in *Volkswagen II*, *TS Tech* and *Odom*, it is clear that the Magistrate Judge erred in deeming the "Local Interest" factor to weigh against transfer. Contrary to the Magistrate Judge's conclusions, the public is affected in every jurisdiction when products are sold nationwide, and thus, the Northern District of Texas has "no dominant interest" in hearing the present case.

For the above reasons, MuscleMeds submits that the Magistrate Judge erred in finding that the public factor of "Local Interest in Having Localized Interests Decided at Home" weighed against transfer as this factor should be deemed to be, at most, neutral.

**IV.  The Magistrate Judge Erred in Deeming the "Relative Ease of Access to Proof" Factor as Neutral.**

The Magistrate Judge also incorrectly found that the private factor of "Relative Ease of Access to Proof" to be neutral as a result of MuscleMeds' failure to specify the number and volume of documents relevant to this matter. MuscleMeds submits that the Magistrate Judge ruled incorrectly on this factor since MuscleMeds clearly stated in its moving papers that **all** documents relating to the claims at issue are located in New Jersey. As Texas courts have found such statements to be sufficient to weigh in favor of transfer, MuscleMeds submits that the Magistrate Judge incorrectly ruled on the factor of "Relative Ease of Access to Proof."

MuscleMeds represented in its Transfer Motion that "all the documents relating to the design, selection, research and implementation of the advertising statements for the products that Evol contends are false are located in New Jersey." (*See* Def. App. Exs. B, at p. 17 [Transfer

Motion and Dente Decl.]). In the Dente Declaration, Dente further provided that "the documents relating to research performed by MuscleMeds or a third party are also located in New Jersey." (*See* Def. App. Ex. B at pp. 23-24 [Dente Decl.]). In response, Evol claimed this factor should be neutral as MuscleMeds failed to state the number, volume and location of documents, but nevertheless, Evol did not dispute that all of these documents were located in New Jersey. (*See* Def. App. Ex. C, at pp. 42-43 [Evol Response]). Nor did Evol attack the significance of the document types identified by MuscleMeds. In the Recommendation, the Magistrate Judge at least partially concurred with Evol, ruling that "[b]y not specifying the number and volume of documents, MuscleMeds has failed to show the amount of documents and their location would impose a hardship upon the parties." (*See* Def. App. Ex. E, at p. 95 [Recommendation]).

MuscleMeds submits that the Magistrate Judge ignored certain controlling precedent in finding this factor to be neutral and again imposed an incorrect, draconian standard. The Fifth Circuit set forth the controlling law on this issue in *Volkswagen II* where the court held "that despite technological advances that [have] made the physical location of documents less significant, the location of sources of proof remains a meaningful factor in the transfer analysis." *Volkswagen II*, 545 F.3d at 316 (citing *Volkswagen I*, 371 F.3d at 203). Applying this rationale, the *Volkswagen II* Court found party representations that all the documents were located in the transferee jurisdiction were sufficient to weigh in favor of transfer. *Id.*

More recently, in *Kimberly-Clark Worldwide, Inc. v. First Quality Baby Prods., LLC*, No. 3:09-CV-0488-D, 2009 WL 2634860 (N.D. Tex. Aug. 26, 2009)(O'Connor, J.), this court considered the "Relative Ease of Access to Proof" factor in a factually similar matter. (*See* Def. App. Ex. H, pp. 111-19 [*Kimberly-Clark*]) In *Kimberly-Clark*, the Northern District of Texas heard a motion to transfer in a patent infringement matter. 2009 WL 2634860 at *1. In

13

considering the "Relative Ease of Access to Proof" factor, the court examined the representations of First Quality, the party seeking transfer, regarding the location of the documents germane to the patent infringement suit. *Id.* at *3-4. First Quality, through statements of its Director of Product Development, represented that:

- "All of the documents related to the design, development, manufacture, and marketing of [an allegedly infringing product] are maintained in Pennsylvania;"

- "All of the documents related to the design, development, and marketing of the [an allegedly infringing product] are maintained in Pennsylvania;" and

- "All of the documents related to the manufacture of the [an allegedly infringing product] are located either in Pennsylvania or in Georgia."

*Id.* at *3. Pursuant to these representations, the *Kimberly-Clark* Court found:

> Much of the relevant evidence can be found in Pennsylvania, where substantial aspects of the allegedly infringing conduct took place. Pennsylvania is the location where all but one of the allegedly infringing products were conceived, designed, and manufactured. Most of First Quality's documentation regarding its design, development, and manufacture of the allegedly infringing products is located in Pennsylvania. The one exception is the "Target Diaper," which is manufactured in Macon, Georgia. But all of the documents related to the design, development, and marketing of the Target Diaper are maintained in Pennsylvania, and some documents related to the manufacture of the Target Diaper are located in Pennsylvania.

*Id.* at *4. Consistent with this finding, the *Kimberly-Clark* court concluded that the "Relative Ease of Access to Proof" factor weighed in favor of transfer. *Id.*

As in *Kimberly-Clark*, MuscleMeds represented to the Court that the documents relevant to this matter were all located in New Jersey. Specifically, MuscleMeds provided that "all the documents relating to the design, selection, research and implementation of the advertising statements for the products that Evol contends are false are located in New Jersey," and that "the documents relating to research performed by MuscleMeds or a third party are also located in

New Jersey." (*See* Def. App. Ex. B, at pp. 23-24 [Dente Decl.]) In making these representations, MuscleMeds has abided by controlling Texas precedent and provided sufficient detail regarding its documentary evidence being present in the District of New Jersey. Accordingly, MuscleMeds submits that the Magistrate Judge was incorrect in finding the "Relative Ease of Access to Proof" factor to be neutral. Properly analyzed, that factor tips in favor of MuscleMeds.

## CONCLUSION

For all the foregoing reasons, Supplement Services, LLC d/b/a MuscleMeds respectfully requests that the Court (i) reject the Magistrate Judge's recommendation as set forth in the Findings, Conclusions and Recommendation, dated February 28, 2010, with respect to its motion to transfer; and (ii) enter an order transferring this matter to the District of New Jersey.

Respectfully submitted,

/s/ Prescott W. Smith
Craig W. Weinlein
  State Bar No. 21095500
Prescott W. Smith
  State Bar No. 24013534
CARRINGTON, COLEMAN, SLOMAN
  & BLUMENTHAL, L.L.P.
901 Main Street, Suite 5500
Dallas, TX 75202-3767
Telephone:  214/855-3000
Telecopy:    214/855-1333
cweinlein@ccsb.com
psmith@ccsb.com

        Robert J. Schoenberg
        RIKER DANZIG SCHERER HYLAND & PERRETTI LLP
        Headquarters Plaza
        One Speedwell Avenue
        Morristown, NJ 07962-1981
        Telephone:  973/451-8511
        Telecopy:   973/451-8604

        *Attorneys for Defendant Supplement Services,*
        *LLC d/b/a MuscleMeds*

### CERTIFICATE OF SERVICE

The undersigned certifies that on this 15th day of March, 2010, pursuant to Federal Rule of Civil Procedure 5 and Northern District Local Rule 5.1(d), a true and correct copy of this document was served upon all attorneys of record, via ECF electronic mail.

Casey L. Griffith
Klemchuk Kubasta LLP
Campbell Centre II
8150 N. Central Expressway, Suite 1150
Dallas, Texas 75206

        /s/ Prescott W. Smith
        Prescott W. Smith