UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EVOL, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:09-cv-01839-O |
| SUPPLEMENT SERVICES, LLC | § | |
| d/b/a MUSCLEMEDS, | § | |
| | § | |
| Defendant. | § | |

APPENDIX TO DEFENDANT'S OBJECTIONS
TO MAGISTRATE JUDGE'S RECOMMENDATION TO
DENY MOTION TO TRANSFER VENUE AND BRIEF IN SUPPORT

Defendant Supplement Services, LLC, d/b/a MuscleMeds, herewith files the following

Appendix to its Objections to Magistrate Judge's Recommendation to Deny Motion to Transfer

Venue and Brief in Support.

| DOCUMENT | APPENDIX PAGE |
|---|---|
| **Exhibit A** - Defendant's Original Answer (Dated October 29, 2009) | 1 |
| **Exhibit B** - Defendant's Motion to Transfer, Brief in Support, and Appendix (Dated October 29, 2009) | 7 |
| **Exhibit C** - Plaintiff's Brief in Response to Defendant's Motion to Transfer (Dated November 18, 2009) | 32 |
| **Exhibit D** - Defendant's Reply Brief in Support of its Motion to Transfer (Dated December 3, 2009) | 48 |
| **Exhibit E** - Magistrate Judge's Findings, Conclusions, and Recommendation (Dated February 28, 2010) | 92 |
| **Exhibit F** - *Chapman v. Dell*, Inc., No. EP-09-CV-7-KC, 2009 WL 1024635 (W.D. Tex. Apr. 15, 2009) | 100 |

**Exhibit G -** *Teesa Wallace v. Child Care Associates*,
2008 WL 4180261 (N.D. Tex. 2008)(O'Connor, J.)   108

**Exhibit H -** *Kimberly-Clark Worldwide, Inc. v. First Quality*
*Baby Prods., LLC*, No. 3:09-CV-0488-D, 2009 WL 2634860
(N.D. Tex. Aug. 26, 2009)(O'Connor, J.)   111

**Exhibit I -** *Settlement Capital Corp. v. Pagan*,
No. 3:07-CV-1609-O, 2009 WL 856466 (N.D. Tex. Mar. 30, 2009)
(O'Connor, J.)   120

Dated:  March 15, 2010.

Respectfully submitted,

/s/ Prescott W. Smith
Craig W. Weinlein
 State Bar No. 21095500
Prescott W. Smith
 State Bar No. 24013534
CARRINGTON, COLEMAN, SLOMAN
 & BLUMENTHAL, L.L.P.
901 Main Street, Suite 5500
Dallas, TX 75202-3767
Telephone:  214/855-3000
Telecopy:  214/855-1333
cweinlein@ccsb.com
psmith@ccsb.com

Robert J. Schoenberg
RIKER DANZIG SCHERER HYLAND PERRETTI, LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962-1981
Telephone:  973/451-8511
Telecopy:  973/451-8604

*Attorneys for Defendant Supplement Services, LLC,*
*d/b/a MuscleMeds*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of this document was served upon all attorneys of record pursuant to Northern District Local Rule 5.1(d) and Federal Rule of Civil Procedure 5, via ECF electronic mail on this 15th day of March 2010.

/s/ Prescott W. Smith
Prescott W. Smith

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **EVOL, INC.,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | CIVIL ACTION NO. 3:09-cv-01839-O |
| | § | |
| **SUPPLEMENT SERVICES, LLC** | § | **DEMAND FOR JURY TRIAL** |
| **d/b/a MUSCLEMEDS,** | § | |
| | § | |
| *Defendant.* | § | |

## ORIGINAL ANSWER AND JURY DEMAND BY DEFENDANT
## SUPPLEMENT SERVICES, LLC d/b/a/ MUSCLEMEDS

Defendant Supplement Services, LLC d/b/a MuscleMeds ("MuscleMeds" or "Defendant"), through its counsel, responds to Plaintiff's Complaint and Jury Demand by pleading specifically in response to the numbered allegations of Plaintiff's Original Complaint, stating as follows:

### PARTIES

1.      Defendant admits, upon information and belief, that Evol, Inc. ("Evol") is a Texas corporation with a place of business in Farmers Branch, Texas, located within this judicial district. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 1 of the Complaint, and on that basis denies those allegations.

2.      Defendant admits that it is a limited liability company organized under the laws of the State of New Jersey with its principal place of business located in New Jersey.

1


EXHIBIT
*A*

## JURISDICTION AND VENUE

3.     Paragraph 3 of the Complaint does not contain any factual averments and thus no response is required.  To the extent a response is required, Defendant admits that the United States District Court for the Northern District of Texas, Dallas Division, has original jurisdiction of actions arising under 15 U.S.C. §1121 of the Lanham Act, but denies that the claims alleged against Defendant are actionable against it.

4.     Paragraph 4 of the Complaint does not contain any factual averments and thus no response is required.  To the extent a response is required, MuscleMeds admits that some of its products are purchased by residents of Texas who may reside within this judicial district.

5.     Defendant denies the allegations set forth in paragraph 5 of the Complaint.

## FACTUAL BACKGROUND

6.     Defendant admits that Evol markets and distributes food and sports nutritional supplements through its website and through independent distributors and retailers.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 6 of the Complaint, and on that basis denies those allegations.

7.     MuscleMeds admits that it distributes, advertises and promotes foods and sports nutritional supplements.  MuscleMeds lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 7 of the Complaint because the implicitly referenced products of Evol are not identified, and on that basis deny those allegations.

8.     MuscleMeds admits that it has offered for sale and sold "Arimatest" to a limited number of retail stores in the State of Texas.  MuscleMeds further admits that residents of every state, including Texas, were able to purchase "Arimatest" through MuscleMeds' website. MuscleMeds denies the remaining allegations of Paragraph 8 of the Complaint.

9.     MuscleMeds denies the allegations set forth in Paragraph 9 of the Complaint.

APP 2

10.     MuscleMeds admits that it has offered for sale and sold "MethylBURN Extreme" to a limited number of retail stores in the State of Texas.  MuscleMeds further admits that residents of every state, including Texas, are able to purchase "MethylBURN Extreme" through MuscleMeds' website.  MuscleMeds denies the remaining allegations of Paragraph 10 of the Complaint.

11.     MuscleMeds denies the allegations set forth in Paragraph 11 of the Complaint.

12.     MuscleMeds denies the allegations set forth in Paragraph 12 of the Complaint.

## CLAIMS FOR RELIEF

### COUNT ONE
**(Unfair Competition, False Advertising under Lanham Act)**

13.     Defendant repeats and incorporates by reference its answers to Paragraphs 1-12 of the Complaint.

14.     Paragraph 14  of the Complaint does not contain any factual averments and thus no response is required.  To the extent a response is required, the Defendant admits that Evol has attempted to assert a claim under the Lanham Act, 15 U.S.C. § 1051 *et seq.*

15.     MuscleMeds denies the allegations set forth in Paragraph 15 of the Complaint.

16.     MuscleMeds denies the allegations set forth in Paragraph 16 of the Complaint.

17.     MuscleMeds denies the allegations set forth in Paragraph 17 of the Complaint.

18.     MuscleMeds denies the allegations set forth in Paragraph 18 of the Complaint.

19.     MuscleMeds denies the allegations set forth in Paragraph 19 of the Complaint.

20.     MuscleMeds denies the allegations set forth in Paragraph 20 of the Complaint.

### COUNT TWO
**(Common Law False Advertising and Unfair Competition)**

21.     Defendant repeats and incorporates by reference its answers to Paragraphs 1-20 of the Complaint.

APP 3

22.     Paragraph 22 of the Complaint does not contain any factual averments and thus no response is required.  To the extent a response is required, Defendant admits that Evol has attempted to assert a claim under the common law unfair competition laws of the several states. However, the allegation is defective in form and is incapable of response because the term "laws of the several states" is undefined.

23.     MuscleMeds denies the allegations set forth in Paragraph 23 of the Complaint.

24.     MuscleMeds denies the allegations set forth in Paragraph 24 of the Complaint.

25.     MuscleMeds denies the allegations set forth in Paragraph 25 of the Complaint.

26.     MuscleMeds denies the allegations set forth in Paragraph 26 of the Complaint.

27.     MuscleMeds denies the allegations set forth in Paragraph 27 of the Complaint.

28.     MuscleMeds denies the allegations set forth in Paragraph 28 of the Complaint.

## DEMAND FOR JURY TRIAL

29.     Pursuant to Fed. R. Civ. P. 38, Defendant demands a trial by jury on all issues so triable.

Without admitting or acknowledging that it bears the burden of proof as to any of them, Defendant asserts the following defenses.

## FIRST AFFIRMATIVE DEFENSE

30.     The action should be transferred to the United States District Court for the District of New Jersey for the convenience of the parties and witnesses and in the interest of justice, as provided for in 28 U.S.C. § 1404(a).

## SECOND AFFIRMATIVE DEFENSE

31.     The Complaint fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

32.     Evol is not entitled to relief because of its unclean hands.

4

**APP 4**

## FOURTH AFFIRMATIVE DEFENSE

33.     Evol's claims are barred by the doctrines of waiver, equitable estoppel, estoppel and/or laches.

## FIFTH AFFIRMATIVE DEFENSE

34.     Defendant reserves the right to supplement these affirmative defenses based upon facts which may be adduced during discovery and/or litigation.

WHEREFORE, Defendant respectfully requests that the Court enter judgment in its favor dismissing the Complaint with prejudice, granting Defendant the cost of suit, including all reasonable attorneys' fees, and granting such other and further relief as the Court deems just and equitable.

Respectfully submitted,

/s/ Prescott W. Smith
Craig W. Weinlein
    State Bar No. 21095500
Prescott W. Smith
    State Bar No. 24013534
CARRINGTON, COLEMAN, SLOMAN
    & BLUMENTHAL, L.L.P.
901 Main Street, Suite 5500
Dallas, TX 75202-3767
Telephone:  214/855-3000
Telecopy:    214/855-1333
cweinlein@ccsb.com
psmith@ccsb.com

5

APP 5

*Of Counsel:*
Robert J. Schoenberg
RIKER DANZIG SCHERER HYLAND & PERRETTI LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962-1981
Telephone:   973/451-8511
Telecopy:    973/451-8604

*Attorneys for Defendant Supplement
Services, LLC d/b/a MuscleMeds*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 29th day of October, 2009, pursuant to Federal Rule of Civil Procedure 5 and Northern District Local Rule 5.1(d), a true and correct copy of this document was served upon all attorneys of record, via ECF electronic mail.

David W. Carstens
Casey L. Griffith
Bobby W. Braxton
Amanda K. Jenkins
CARSTENS & CAHOON, LLP
13760 Noel Road, Suite 900
Dallas, Texas 75240

/s/ Prescott W. Smith
Prescott W. Smith

APP 6

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EVOL, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:09-cv-01839-O |
| | § | |
| SUPPLEMENT SERVICES, LLC d/b/a | § | DEMAND FOR JURY TRIAL |
| MUSCLEMEDS, | § | |
| | § | |
| *Defendant.* | § | |

**DEFENDANT'S MOTION TO TRANSFER THE ACTION**

Defendant, Supplement Services, LLC d/b/a MuscleMeds files this motion to transfer the action to the District of New Jersey.  For the reasons set forth in the accompanying brief, the declaration of Gerard Dente and the documents in the Appendix, Defendant respectfully requests that this Court issue an order granting Defendant's motion and transferring the action to the District of New Jersey.

Respectfully submitted,

/s/ Prescott W. Smith
Craig W. Weinlein
   State Bar No. 21095500
Prescott W. Smith
   State Bar No. 24013534
CARRINGTON, COLEMAN, SLOMAN
   & BLUMENTHAL, L.L.P.
901 Main Street, Suite 5500
Dallas, TX 75202-3767
Telephone:  214/855-3000
Telecopy:  214/855-1333
cweinlein@ccsb.com
psmith@ccsb.com



EXHIBIT
B

1

**APP 7**

*Of Counsel:*
Robert J. Schoenberg
RIKER DANZIG SCHERER HYLAND & PERRETTI LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962-1981
Telephone:  973/451-8511
Telecopy:    973/451-8604

*Attorneys for Defendant Supplement
Services, LLC d/b/a MuscleMeds*

## CERTIFICATE OF CONFERENCE

On October 29, 2009, I conferred with Casey L. Griffith, counsel for Plaintiff Evol, Inc., and he stated that his client was opposed to the relief requested herein, and thus this motion is presented to the Court for resolution.

/s/ Prescott W. Smith
Prescott W. Smith

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 29th day of October, 2009, pursuant to Federal Rule of Civil Procedure 5 and Northern District Local Rule 5.1(d), a true and correct copy of this document was served upon all attorneys of record, via ECF electronic mail to David W. Carstens, Casey L. Griffith, Bobby W. Braxton, Amanda K. Jenkins, CARSTENS & CAHOON, LLP, 13760 Noel Road, Suite 900, Dallas, Texas 75240.

/s/ Prescott W. Smith
Prescott W. Smith

2

**APP 8**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| EVOL, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 3:09-cv-01839-O** |
| | § | |
| SUPPLEMENT SERVICES, LLC | § | **DEMAND FOR JURY TRIAL** |
| d/b/a MUSCLEMEDS, | § | |
| | § | |
| *Defendant.* | § | |

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER

Craig W. Weinlein
   State Bar No. 21095500
Prescott W. Smith
   State Bar No. 24013534
CARRINGTON, COLEMAN, SLOMAN
   & BLUMENTHAL, L.L.P.
901 Main Street, Suite 5500
Dallas, TX 75202-3767
Telephone:  214/855-3000
Telecopy:   214/855-1333
cweinlein@ccsb.com
psmith@ccsb.com

*Of Counsel:*
Robert J. Schoenberg
RIKER DANZIG SCHERER HYLAND & PERRETTI LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962-1981
Telephone:  973/451-8511
Telecopy:   973/451-8604

*Attorneys for Defendant Supplement Services,
LLC d/b/a MuscleMeds*

APP 9

### TABLE OF CONTENTS

TABLE OF CONTENTS...........................................................................................ii

TABLE OF AUTHORITIES ...............................................................................iii

PRELIMINARY STATEMENT ...........................................................................1

STATEMENT OF FACTS ...................................................................................2

LEGAL ARGUMENT..........................................................................................3

I.      THIS ACTION SHOULD BE TRANSFERRED TO THE DISTRICT OF
        NEW JERSEY BECAUSE ALL OF THE RELEVANT CONTACTS,
        WITNESSES AND PROOFS ARE LOCATED IN THAT DISTRICT. ............3

        A.      THE ACTION COULD HAVE BEEN BROUGHT IN NEW
                JERSEY .................................................................................................3

        B.      SECTION 1404(A) TEMPERS GENERAL VENUE STATUTES ......................4

        C.      GOOD CAUSE STANDARD ................................................................4

        D.      THE PRIVATE AND PUBLIC INTEREST FACTORS ........................5

                (i)     The Relative Ease of Access to Sources of Proof.........................6

                (ii)    The Availability of Compulsory Process....................................6

                (iii)   The Cost of Attendance for Willing Witnesses ...........................6

                (iv)    All Other Practical Problems That Make Trial of a
                        Case Easy, Expeditious and Inexpensive....................................7

                (v)     The Only Relevant Public Factor Is the Local
                        Interest in Having Localized Interests Decided At
                        Home........................................................................................7

CONCLUSION....................................................................................................8

CERTIFICATE OF SERVICE ...........................................................................9

## TABLE OF AUTHORITIES

CASES

*Ellis v. Great Southwestern Corporation,*
    646 F.2d 1099 (5th Cir. 1981) ............................................................3

*Gulf Oil Corp. v. Gilbert,*
    330 U.S. 501 (1947)............................................................................5

*Humble Oil & Ref. Co. v Bell Marine Serv. Inc.,*
    321 F.2d 53 (5th Cir. 1963) ............................................................ 4-5

*In re Volkswagen AG,*
    371 F.3d 201 (5th Cir. 2004) ............................................................7

*In re Volkswagen of America, Inc.,*
    545 F. 3d 304 (5th Cir. 2008) ........................................................ 3-6

*Jarvis Christian College v. Exxon Corp.,*
    845 F.2d 523 (5th Cir. 1988) ............................................................4

*Teesa Wallace v. Child Care Associates,*
    2008 U.S. Dist. LEXIS 70093 (N.D. Tex. 2008)................................7

*Weber v. Casey,*
    642 F.2d 91 (5th Cir. 1981) ..............................................................4


STATUTES & RULES

28 U.S.C. § 1391 ................................................................................ 3-4

28 U.S.C. § 1391(b) ..............................................................................3

28 U.S.C. § 1391(c) ..............................................................................3

28 U.S.C. § 1404(a) ....................................................................2-4, 7-8

FED. R. CIV. P. 45(c)(3)(A)(ii) ..............................................................6

15 U.S.C. § 1051 (Lanham Act) ............................................................1



**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| EVOL, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:09-cv-01839-O |
| | § | |
| SUPPLEMENT SERVICES, LLC | § | DEMAND FOR JURY TRIAL |
| d/b/a MUSCLEMEDS, | § | |
| | § | |
| *Defendant.* | § | |

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER

### PRELIMINARY STATEMENT

This is an action brought by Evol, Inc. ("Evol"), a Texas corporation against a resident of

New Jersey, Supplement Services, LLC d/b/a MuscleMeds ("MuscleMeds") for violation of the

Lanham Act, 15 U.S.C. § 1051 *et seq.,* and the common law of the several states.[1]

All of Evol's alleged claims arise out of business activities which occurred in New

Jersey. MuscleMeds does not have an office in Texas, own real estate or have employees in

Texas, except that MHP, an affiliate of MuscleMeds, has a single employee who resides in Texas

and as a customer sales representative promotes MHP and MuscleMeds products to retail stores

in Oklahoma, Arizona and Texas. All of the MuscleMeds employees and independent

---

[1] A companion action was filed by Dymatize Enterprises, Inc. ("Dymatize"), an affiliate of Evol,
in the Northern District of Texas, styled *Dymatize Enterprises, Inc. v. Maximum Human
Performance, Inc., Gerard Dente, and Supplement Services, LLC,* Cause No. 3:09-cv-01840, and
has been assigned to Judge A. Joe Fish. In this case Dymatize contends that MuscleMeds use of
its registered trademark MethylBURN® is likely to cause customer confusion with Dymatize's
trademark Dyma-BURN® and that advertising claims for numerous products of MuscleMeds'
affiliate Maximum Human Performance, Inc. ("MHP") contains false, misleading and deceptive
statements. A motion to transfer the action to the District of New Jersey, identical to the motion
filed herein, has been filed in the Dymatize case. It is respectfully suggested that a consistent
ruling in both cases is warranted and is in the best interests of judicial economy and essential
justice.

**APP 12**

consultants are located in New Jersey.  This includes all quality assurance, distribution, sales, accounting, shipping, packaging, purchasing, research and development, and marketing employees and consultants.

This lawsuit should be transferred to the District of New Jersey, pursuant to 28 U.S.C. § 1404(a) because the convenience of the parties and material witnesses – all from New Jersey – and the interests of justice warrant transfer of this action.

## STATEMENT OF FACTS

In its complaint, Evol asserts "on information and belief," that MuscleMeds' advertising claims for its products Arimatest and MethylBURN Extreme contain false, misleading and deceptive statements.  (*See* Def. App. at 5, [Evol Compl. at ¶¶ 9,11]).

All of Evol's alleged claims arise out of business activities which occurred in New Jersey.  (*See* Def. App. at 1, [Dente Decl. at ¶ 3]).  MuscleMeds does not have an office in Texas, own real estate or have employees in Texas, except that MHP, an affiliate of MuscleMeds, has a single employee who resides in Texas and as a customer sales representative promotes MHP and MuscleMeds products to retail stores in Oklahoma, Arizona and Texas.  All of the MuscleMeds employees and independent consultants are located in New Jersey.  (*See* Def. App. at 1-2, [Dente Decl. at ¶¶ 3-4]).  *Id.*  This includes all quality assurance, distribution, sales, accounting, shipping, packaging, purchasing, research and development, and marketing employees and consultants.  *Id.*

All employees having knowledge of the products that Evol contends are falsely advertised, as well as the data and research upon which these advertising statements are based, are located in New Jersey and would be likely witnesses in this action. (*See* Def. App. at 1-2, [Dente Decl. at ¶ 4]).  Additionally, all documents relating to the design, selection and implementation of the advertising statements for the products that Evol contends are false are

APP 13

located in New Jersey.  Lastly, the documents relating to research performed by MuscleMeds or

a third party are also located in New Jersey.  (*See* Def. App. at 2, [Dente Decl. at ¶ 5]).

## LEGAL ARGUMENT

I.   **THIS ACTION SHOULD BE TRANSFERRED TO THE DISTRICT OF NEW JERSEY BECAUSE ALL OF THE RELEVANT CONTACTS, WITNESSES AND PROOFS ARE LOCATED IN THAT DISTRICT.**

Pursuant to 28 U.S.C. § 1404(a), for the convenience of parties and witnesses, in the

interest of justice, a district court may transfer any civil action to any other district or division

where it might have been brought.  Thus, the preliminary question under § 1404(a) is whether a

civil action *might have been brought* in the destination venue, in this case, the District of New

Jersey.  *In re Volkswagen of America, Inc.*, 545 F. 3d 304, 312 (5th Cir. 2008).

### A.   The Action Could Have Been Brought In New Jersey

An action *might have been brought* in another district if (1) venue is proper in that district

and (2) that district can exercise jurisdiction over all defendants.  *Ellis v. Great Southwestern

Corporation*, 646 F.2d 1099 (5th Cir. 1981).  In the instant action, which is based on federal

question jurisdiction, venue is proper in "(1) a judicial district where any defendant resides, if all

defendants reside in the same State, [or] (2) a judicial district in which a substantial part of the

events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b).  For purposes

of § 1391, a corporation is said to "reside in any judicial district in which it is subject to personal

jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c).

Here, it is without dispute that this action might have been brought in the District of New

Jersey.  MuscleMeds is a New Jersey limited liability company with its principal and sole office

in New Jersey.  (*See* Def. App. at 1, [Dente Decl. at ¶ 3]).  Venue is proper in the District of New

Jersey because MuscleMeds is subject to personal jurisdiction there, and a substantial part of the

events, if not all, giving rise to Evol's allegations of false advertising and unfair competition

3

**APP 14**

occurred at the offices of MuscleMeds in New Jersey.  (*See* Def. App. at 1-2, [Dente Decl. at ¶¶ 3-5]).

Thus, the instant matter *might have been brought* in the District of New Jersey and is therefore eligible for transfer pursuant to § 1404(a) if the facts show that transfer would be more convenient for the parties and witnesses than the Northern District of Texas and is in the interest of justice.  *In re Volkswagen*, 545 F.3d at 312; *Weber v. Casey*, 642 F.2d 91, 93 (5th Cir. 1981) ("[Section 1404(a)] clearly provides that, for the convenience of the parties and in the interest of justice, a district court may transfer any civil action to any other judicial district or division where it might have been brought."); *Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988) ("Section 1404 transfers are authorized 'for the convenience of the parties and witnesses, in the interest of justice . . .'").

### B.    Section 1404(a) Tempers General Venue Statutes

The underlying purpose of § 1404(a) is to prevent plaintiffs from abusing their privilege under the general venue statute, 28 U.S.C. § 1391, by subjecting defendants to venues that are inconvenient under the terms of § 1404(a).  *In re Volkswagen*, 545 F.3d at 313 (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947) ("[The general venue] statutes are drawn with a necessary generality and usually give a plaintiff a choice of courts . . . . But the open door may admit those who seek not simply justice but perhaps justice blended with some harassment.")). "Thus, while a plaintiff has the privilege of filing his claims in any judicial division appropriate under the general venue statute, § 1404(a) tempers the effects of the exercise of this privilege." *In re Volkswagen*, 545 F.3d at 313.

### C.    Good Cause Standard

The Fifth Circuit has adopted the standard of "good cause" which the moving party must meet in order to warrant transfer of venue pursuant to § 1404(a).  *Humble Oil & Ref. Co. v Bell*

4

*Marine Serv. Inc.*, 321 F.2d 53, 56 (5th Cir. 1963).  Recently, the Fifth Circuit Court reaffirmed the "good cause" standard and described how meeting that burden will trump the plaintiff's choice of venue:

> This 'good cause' burden reflects the appropriate deference to which the plaintiff's choice of venue is entitled.  When viewed in the context of §1404(a), to show good cause means that a moving party, in order to support its claim for a transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is 'for the convenience of parties and witnesses, in the interest of justice.'  Thus when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected.   When the movant demonstrates that the transferee venue is clearly more convenient, however, it has shown good cause and the district court should therefore grant the transfer.

*In re Volkswagen*, 545 F.3d at 315.

### D.   The Private and Public Interest Factors

In determining whether the "good cause" standard has been met, the Court must analyze the circumstances presented under the private and public interest factors first enunciated by the Supreme Court in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947), and subsequently adopted by the Fifth Circuit in *Humble Oil*, 321 F.2d at 56.

The private interest factors to be considered in determining whether a transfer of venue is appropriate are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen*, 545 F.3d at 315.

The public interest factors to be considered in determining whether a transfer of venue is appropriate are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the

APP 16

law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of law [or in] the application of foreign law." *Id.*

An analysis of the relevant facts clearly demonstrates that the private and public interest factors weigh heavily in favor of transfer of the instant action to the District of New Jersey.

### (i) The Relative Ease of Access to Sources of Proof

All the documents relating to the design, selection, research and implementation of the advertising statements for the products that Evol contends are false are located in New Jersey. (*See* Def. App. at 2, [Dente Decl. at ¶ 5]). The fact that access to some sources of proof present a lesser inconvenience today because of copying technology and information storage does not render this factor superfluous. *In re Volkswagen*, 545 F.3d at 316.

### (ii) The Availability of Compulsory Process

The Northern District of Texas, Dallas Division, does not have absolute subpoena power over non-party witnesses such as independent consultants located in New Jersey. (*See* Def. App. at 1-2, [Dente Decl. at ¶ 4]). These non-party witnesses located in New Jersey are outside the Northern District of Texas subpoena power for depositions under Fed. R. Civ. P. 45(c)(3)(A)(ii)[2] and any trial subpoenas for these witnesses to travel more than 100 miles would be subject to motions to quash under Fed. R. Civ. P. 45(c)(3)(A)(ii).

### (iii) The Cost of Attendance for Willing Witnesses

All key fact witnesses for MuscleMeds, such as quality assurance, distribution, purchasing, packaging, research and development and marketing personnel, are located in New Jersey. (*See* Def. App. at 1-2, [Dente Decl. at ¶ 4]). Because all the events that gave rise to Evol's claims occurred in New Jersey, the overwhelming majority of key witnesses will be from

---

[2] Any such deposition subpoenas would have to be issued out of and enforced by the District of New Jersey by a member of the Bar of the State of New Jersey.

New Jersey. Under the Fifth Circuit's *100-mile threshold* rule, "[w]hen the distance between an existing venue for trial of a matter and the proposed venue under §1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *In re Volkswagen AG*, 371 F.3d 201, 204-205 (5th Cir. 2004). It is apparent that it would be more convenient for substantially all the witnesses if the trial were held in the District of New Jersey, as the Northern District of Texas is approximately 1500 miles from New Jersey.

     **(iv)**    **All Other Practical Problems That Make Trial of a Case Easy, Expeditious and Inexpensive**

All of the practical problems that make trial of a case easy, expeditious and inexpensive have been described in Sections (i), (ii), and (iii) above.

     **(v)**    **The Only Relevant Public Factor Is the Local Interest in Having Localized Interests Decided At Home**

New Jersey, as opposed to Texas, has a strong interest in deciding a case in which all the business activities that gave rise to Evol's alleged causes of action arose out of actions conducted at the New Jersey office of MuscleMeds. (*See* Def. App. at 1, [Dente Decl. at ¶ 3]). *See Teesa Wallace v. Child Care Associates*, 2008 U.S. Dist. LEXIS 70093, *7 (N.D. Tex. 2008) (finding the action should be transferred to the district where the cause of action arose, the court held: "having local interests decided locally, access to sources of proof, and costs and convenience of witnesses, favor transfer of this case.")

MuscleMeds has clearly met the standard of "good cause" by showing that the private and public factors overwhelmingly establish that for the convenience of the parties and witnesses and in the interest of justice this case should be transferred to the District of New Jersey.

**APP 18**

## CONCLUSION

For all the foregoing reasons, the defendant, Supplement Services, LLC d/b/a MuscleMeds respectfully requests that the Court transfer this action to the District of New Jersey, pursuant to 28 U.S.C. § 1404(a).

Respectfully submitted,

s/ Prescott W. Smith
Craig W. Weinlein
    State Bar No. 21095500
Prescott W. Smith
    State Bar No. 24013534
CARRINGTON, COLEMAN, SLOMAN
    & BLUMENTHAL, L.L.P.
901 Main Street, Suite 5500
Dallas, TX 75202-3767
Telephone:   214/855-3000
Telecopy:   214/855-1333
cweinlein@ccsb.com
psmith@ccsb.com

*Of Counsel*:
Robert J. Schoenberg
RIKER DANZIG SCHERER HYLAND & PERRETTI LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962-1981
Telephone:   973/451-8511
Telecopy:   973/451-8604

*Attorneys for Defendant Supplement Services, LLC d/b/a MuscleMeds*

8

**APP 19**

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 29th day of October, 2009, pursuant to Federal Rule of Civil Procedure 5 and Northern District Local Rule 5.1(d), a true and correct copy of this document was served upon all attorneys of record, via ECF electronic mail to David W. Carstens, Casey L. Griffith, Bobby W. Braxton, Amanda K. Jenkins, CARSTENS & CAHOON, LLP, 13760 Noel Road, Suite 900, Dallas, Texas 75240.

/s/ Prescott W. Smith
Prescott W. Smith

9

**APP 20**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| EVOL, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:09-cv-01839-O |
| | § | |
| SUPPLEMENT SERVICES, LLC | § | DEMAND FOR JURY TRIAL |
| d/b/a MUSCLEMEDS, | § | |
| | § | |
| *Defendant.* | § | |

## APPENDIX TO BRIEF IN SUPPORT OF
## DEFENDANT'S MOTION TO TRANSFER

Defendant Supplement Services, LLC d/b/a MuscleMeds ("Defendant") offers the

following Appendix to the Brief in Support of Defendants' Motion to Transfer or Dismiss:

| DOCUMENT | APPENDIX PAGE |
|---|---|
| Declaration of Gerard Dente in Support of Motion to Transfer | 1 |
| Complaint filed by Evol, Inc. against Defendant In the United States District Court, Northern District of Texas, Dallas Division | 3 |

1

Respectfully submitted,

/s/ Prescott W. Smith
Craig W. Weinlein
   State Bar No. 21095500
Prescott W. Smith
   State Bar No. 24013534
CARRINGTON, COLEMAN, SLOMAN
   & BLUMENTHAL, L.L.P.
901 Main Street, Suite 5500
Dallas, TX 75202-3767
Telephone: 214/855-3000
Telecopy: 214/855-1333
cweinlein@ccsb.com
psmith@ccsb.com

Robert J. Schoenberg
RIKER DANZIG SCHERER HYLAND & PERRETTI LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962-1981
Telephone: 973/451-8511
Telecopy: 973/451-8604

*Attorneys for Defendant Supplement Services,*
*LLC d/b/a MuscleMeds*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 29th day of October, 2009, pursuant to Federal Rule of Civil Procedure 5 and Northern District Local Rule 5.1(d), a true and correct copy of this document was served upon all attorneys of record, via ECF electronic mail to David W. Carstens, Casey L. Griffith, Bobby W. Braxton, Amanda K. Jenkins, CARSTENS & CAHOON, LLP, 13760 Noel Road, Suite 900, Dallas, Texas 75240.

/s/ Prescott W. Smith
Prescott W. Smith

APP 22



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EVOL, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| v. | § | 3:09-cv-01839-O |
| | § | |
| | § | |
| SUPPLEMENT SERVICES, LLC d/b/a | § | |
| MUSCLEMEDS, | § | |
| | § | DEMAND FOR JURY TRIAL |
| Defendant. | § | |

DECLARATION OF GERARD DENTE IN SUPPORT OF MOTION TO TRANSFER BY
SUPPLEMENT SERVICES, LLC d/b/a MUSCLEMEDS

I, Gerard Dente, of full age, hereby declare as follows:

1.      I am the President of Supplement Services, LLC d/b/a MuscleMeds ("MuscleMeds"), the Defendant in this action.  I submit this declaration in support of the Defendant's motion to transfer this action to the United States District Court for the District of New Jersey.

2.      MuscleMeds markets and distributes food and sports nutritional supplements through its website and through independent distributors and retailers located in New Jersey and nationwide.

3.      MuscleMeds is a New Jersey Limited Liability Company with its principal and sole office in New Jersey.  All business functions, including purchasing, packaging, shipping, marketing, accounting and research and development take place in New Jersey.  MuscleMeds does not have a company office, owns real estate or have employees located in Texas, except that MHP, an affiliate of MuscleMeds, has a single employee who resides in Texas and as a customer sales representative promotes MHP and MuscleMeds products to retail stores in Oklahoma, Arizona and Texas.

4.      All of MuscleMeds employees and independent consultants are located in New Jersey.  This includes all quality assurance, distribution, sales, accounting, shipping, purchasing,

**Appendix Page 1**

**APP 23**

packaging, research and development, and marketing employees and consultants..  Accordingly, all employees and consultants having knowledge of the use of MuscleMeds trademark MethylBURN and of the products Arimatest and MethylBURN Extreme that Evol contends are falsely advertised, as well as the data and research upon which the advertising statements are based, are located in New Jersey and would be likely witnesses in this case.

5.     All documents relating to the design, selection and implementation of the trademark MethylBURN and the advertising statements for Arimatest and MethylBURN Extreme that Evol contends are false are located in New Jersey.  Further, the documents relating to research performed by MuscleMeds or a third party are also located in New Jersey.

I certify under penalty of perjury that the foregoing statements made by me are true and correct.  Executed on October 27, 2009.

GERARD DENTE

3990852.1

Appendix Page 2

APP 24

Case 3:09-cv-01839-O   Document 16-2   Filed 03/15/10   Page 28 of 50   PageID 255
Case 3:09-cv-01839-O   Document 7-2   Filed 10/29/2009   Page 5 of 14

Case 3:09-cv-01839-O   Document 1   Filed 09/29/2009   Page 1 of 7

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

|  |  |  |
|---|---|---|
| EVOL, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| v. | § | |
| | § | |
| SUPPLEMENT SERVICES, LLC d/b/a | § | |
| MUSCLEMEDS | § | DEMAND FOR JURY TRIAL |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

For its original complaint for false advertising and unfair competition arising under the

Lanham Act, 15 U.S.C. § 1051 et seq., and the common law, Plaintiff EVOL, Inc. ("EVOL"), by

and through its attorneys Carstens & Cahoon, LLP, avers as follows:

### PARTIES

1.     EVOL is a Texas corporation in good standing, with its principal place of

business at 13737 N. Stemmons Freeway, Farmers Branch, TX 75234, which is within the

Northern District of Texas.

2.     Upon information and belief, Defendant Supplement Services, LLC d/b/a

MuscleMeds ("MuscleMeds") is a corporation of unknown organization with its principal place

of business located in New Jersey.

Case 3:09-cv-01839-O   Document 16-2   Filed 03/15/10   Page 29 of 50   PageID 256
Case 3:09-cv-01839-O   Document 7-2   Filed 10/29/2009   Page 6 of 14
Case 3:09-cv-01839-O   Document 1   Filed 09/29/2009   Page 2 of 7

## JURISDICTION AND VENUE

3.     Subject matter jurisdiction is proper in this Court because this litigation arises under federal law, namely 15 U.S.C. § 1121, et seq. (Lanham Act).  The Court therefore has jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1338 and 1367.

4.     This Court has personal jurisdiction over Defendant MuscleMeds in this action because, upon information and belief, many of the Defendant's products, including products that compete with EVOL's products, have been and continue to be sold within Texas and within this judicial district.

5.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) because Defendant's unlawful acts of unfair competition and false advertising have occurred, and will continue to occur, in this judicial district, and because Defendant's products may be found in this judicial district.

## FACTUAL BACKGROUND

6.     EVOL markets and distributes food and sports nutritional supplements through its website and through independent distributors and retailers in this judicial district and nationwide.  EVOL has engaged in extensive advertising and promotion of its products to gain goodwill and public recognition of its products.

7.     Defendant MuscleMeds distributes, advertises and promotes food and sports nutritional supplements which compete directly with those of EVOL.

8.     Upon information and belief, MuscleMeds has used and continues to use, manufacture, offer for sale, and/or sell in this judicial district "Arimatest," a synthetic testosterone supplement.

Case 3:09-cv-01839-O   Document 16-2   Filed 03/15/10   Page 30 of 50   PageID 257
Case 3:09-cv-01839-O   Document 7-2   Filed 10/29/2009   Page 7 of 14
Case 3:09-cv-01839-O   Document 1   Filed 09/29/2009   Page 3 of 7

9.     Upon information and belief, the advertising materials produced, distributed, published and/or authorized for publication or distribution by MuscleMeds, both in print media and for use on Internet websites, contain numerous false, misleading and/or deceptive statements about MuscleMeds' Arimatest products, including but not limited to the following:

   a.   "10,000% increase in testosterone";

   b.   "Laboratory test results: free testosterone elevation of up to 12,149%";

   c.   "Laboratory tests reveal that Arimatest is the most powerful anti-aromatase agent in existence. This unique compound reduces estrogen and triggers never before seen elevations in testosterone"; and

   d.   "While other supplements are bragging about 200%, 300% and the closest competitor brags about 600% increases—Arimatest blows them away".

10.     Upon information and belief, MuscleMeds has used and continues to use, manufacture, offer for sale, and/or sell in this judicial district "MethylBURN Extreme," a fat-burning supplement.

11.     Upon information and belief, the advertising materials produced, distributed, published and/or authorized for publication or distribution by MuscleMeds, both in print media and for use on Internet websites, contain numerous false, misleading and/or deceptive statements about MuscleMeds' MethylBURN Extreme products, including but not limited to the following:

   a.   "Burns 12X more calories"; and

   b.   "Gain 3X more strength".

12.     Defendant has published the aforementioned false and deceptive statements in interstate commerce to wholesalers, distributors, retail stores and customers to induce them to buy Defendant's products rather than EVOL's products.

**APP 27**

Case 3:09-cv-01839-O   Document 16-2   Filed 03/15/10   Page 31 of 50   PageID 258
Case 3:09-cv-01839-O   Document 7-2   Filed 10/29/2009   Page 8 of 14
Case 3:09-cv-01839-O   Document 1   Filed 09/29/2009   Page 4 of 7

## CLAIMS FOR RELIEF

### COUNT ONE
### (Unfair Competition, False Advertising under Lanham Act)

13.　EVOL realleges and incorporates by reference the allegations in Paragraphs 1-12 above.

14.　This claim arises under the Lanham Act, 15 U.S.C. § 1051 et seq.

15.　Upon information and belief, on the basis of the foregoing paragraphs, Defendant has, in connection with goods, used a false and/or misleading description of fact, which in commercial advertising or promotion, misrepresents the nature, characteristics and/or qualities of Defendant's goods.

16.　Defendant's statements have actually deceived or have the capacity to deceive a substantial segment of potential consumers.

17.　Defendant's deception is material and is likely to influence the consumer's purchasing decision.

18.　Defendant's false and misleading statements and representations were and are made in interstate commerce.

19.　Defendant's improper activities, as described above, have been willful and deliberate, thereby making this an exceptional case under the Lanham Act.

20.　As a result of Defendant's improper activities, as described above, EVOL has suffered and will continue to suffer substantial injury, including irreparable injury and damages, including but not limited to loss of sales and profits which EVOL would have made but for the false and deceptive advertising by Defendant.

APP 28

Case 3:09-cv-01839-O Document 16-2 Filed 03/15/10 Page 32 of 50 PageID 259
Case 3:09-cv-01839-O Document 7-2 Filed 10/29/2009 Page 9 of 14
Case 3:09-cv-01839-O Document 1 Filed 09/29/2009 · Page 5 of 7

## COUNT TWO
### (Common Law False Advertising and Unfair Competition)

21.     EVOL realleges and incorporates by reference the allegations in Paragraphs 1-20 above.

22.     This claim arises under the common law unfair competition laws of the several states.

23.     Upon information and belief, Defendant has used a false and/or misleading description of fact in connection with its Arimatest and MethylBURN Extreme products, which in commercial advertising or promotion, misrepresents the nature, characteristics and/or qualities of Defendant's products.

24.     Defendant's statements have actually deceived or have the capacity to deceive a substantial portion of consumers.

25.     Defendant's deception is material and is likely to influence the consumer's purchasing decision.

26.     Defendant's false and misleading statements and representations were and are made in interstate commerce.

27.     Defendant's aforesaid activities constitute unfair competition under the common law.

28.     As a result of Defendant's unfair competition, EVOL has suffered and will continue to suffer substantial injury, including irreparable injury and damages.

## DEMAND FOR JURY TRIAL

29.     Pursuant to Fed. R. Civ. P. 38, EVOL hereby demands a trial by jury on all issues set forth herein that are properly triable to a jury.

APP 29

Case 3:09-cv-01839-O  Document 16-2  Filed 03/15/10  Page 33 of 50  PageID 260
Case 3:09-cv-01839-O  Document 7-2  Filed 10/29/2009  Page 10 of 11
Case 3:09-cv-01839-O  Document 1  Filed 09/29/2009  Page 6 of 7

## PRAYER FOR RELIEF

WHEREFORE, EVOL respectfully requests that the Court:

A.    Enter judgment that:

    i.    Defendant has willfully and deliberately engaged in false advertising and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and

    ii.    Defendant has engaged in unfair competition under the common law;

B.    Grant a permanent injunction enjoining Defendant, its agents, sales representatives, distributors, servants and employees, attorneys, affiliates, subsidiaries, successors and assigns, and any and all persons or entities acting at, through, under or in active concert or in participate with Defendant from making false and misleading statements and representations concerning its products, specifically Arimatest and MethylBURN Extreme; and

C.    Award:

    i.    Damages sustained by EVOL pursuant to 15 U.S.C. § 1117(a)(2) and as otherwise permitted by law;

    ii.    EVOL's costs of suit, including reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a)(3) and as otherwise permitted by law;

    iii.    Prejudgment and post-judgment interest; and

    iv.    Any other relief, in law and in equity, to which the Court finds EVOL justly entitled.

APP 30

Case 3:09-cv-01839-O   Document 16-2   Filed 03/15/10   Page 34 of 50   PageID 261
Case 3:09-cv-01839-O   Document 7-2   Filed 10/29/2009   Page 11 of 11
Case 3:09-cv-01839-O   Document 1   Filed 09/29/2009   Page 7 of 7

Dated: September 29, 2009

Respectfully submitted,

CARSTENS & CAHOON, LLP

s/ Casey L. Griffith
David W. Carstens
Texas Bar No. 03906900
Casey L. Griffith
Texas Bar No. 24036687
Bobby W. Braxton
Texas Bar No. 24059484
Amanda K. Jenkins
Texas Bar No. 24054550
13760 Noel Road, Suite 900
Dallas, Texas 75240
Telephone:  (972) 367-2001
Facsimile:  (972) 367-2002

**COUNSEL FOR PLAINTIFF
EVOL, INC.**

**APP 31**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| EVOL, INC. | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  3:09-cv-1839-O |
| | § | |
| SUPPLEMENT SERVICES, LLC d/b/a | § | |
| MUSCLEMEDS | § | |
| | § | |
| | § | DEMAND FOR JURY TRIAL |
|     Defendant. | § | |

## PLAINTIFF'S BRIEF IN RESPONSE
## TO DEFENDANT'S MOTION TO TRANSFER

Plaintiff Evol, Inc. ("Evol"), for its Response to Defendant's Motion to Transfer,

states as follows:



EXHIBIT
C

PENGAD 800-631-6989

**APP 32**

## TABLE OF CONTENTS

I.      INTRODUCTION AND SUMMARY OF ARGUMENT ............................ 1

II.     DEFENDANT'S MOTION TO TRANSFER VENUE FOR THE
        CONVENIENCE OF THE PARTIES AND WITNESSES MUST BE
        DENIED BECAUSE DEFENDANT HAS NOT DEMONSTRATED
        THAT TRANSFER IS WARRANTED ......................................................... 1

    A.  INTEREST OF JUSTICE CONSIDERATIONS: ............................................... 2

    B.  PRIVATE FACTORS: ................................................................................... 5

        1.  The Plaintiff's Choice of Forum ................................................... 5

        2.  The Convenience of the Parties and Witnesses ........................... 5

        3.  The Cost of Attendance of Witnesses and Other Trial Expenses ............. 6

        4.  The Location of Sources of Proof ................................................. 7

        5.  The Place of the Alleged Wrong ................................................... 8

        6.  The Availability of Compulsory Process ...................................... 8

    C.  PUBLIC FACTORS: ..................................................................................... 9

        1.  Administrative Difficulties Related to Court Congestion .......................... 9

        2.  The Local Interest in Having the Localized Interests Decided at Home . 9

III.    CONCLUSION ...................................................................................... 11

i

APP 33

## TABLE OF AUTHORITIES

**CASES**

*AdvanceMe, Inc. v. RapidPay*, LLC,
   450 F. Supp. 2d 669 (E.D. Tex. 2006)................................................................. 7

*Data Treasury Corp. v. First Data Corp.*,
   243 F. Supp. 2d 591 (N.D. Tex. 2003) ............................................................... 3

*Eastman Med. Prods., Inc. v. E.R. Squibb & Sons, Inc.*,
   199 F. Supp. 2d 590 (N.D. Tex. 2002) ............................................................... 7

*Expressjet Airlines, Inc. v. RBC Capital Mkts. Corp.*,
   No. H-09-992, 2009 U.S. Dist. LEXIS 64411
   (S.D. Tex. July 27, 2009)................................................................................... 3

*Gulf Oil Corp. v. Gilbert*,
   330 U.S. 501 (1947)........................................................................................... 2

*In re Volkswagen of America, Inc.*,
   545 F.3d 304 (5th Cir. 2008) ............................................................................. 1

*Levy v. City of Rio Grand City*,
   No. 3-04-CV-0381-B, 2004 U.S. Dist. LEXIS 28490
   (N.D. Tex. Dec. 9, 2004) ................................................................................... 6

*NDC Invs. LLC v. Lehman Brothers, Inc.*,
   No. 3:05-CV-2036-D, 2006 U.S. Dist. LEXIS 53739
   (N.D. Tex. July 21, 2006) .................................................................................. 8

*Research in Motion Ltd. v. Visto Corp.*,
   No. 3:06-CV-0783-D, 2007 U.S. Dist. LEXIS 36189 (N.D. Tex. May 17, 2007)......... 8

*Ricoh Co., Ltd. v. Honeywell, Inc.*,
   817 F. Supp. 473 (D.N.J. 1993) ........................................................................ 3

*Scheble v. Davenport*,
   No. 3:07-CV-0189-M, 2007 U.S. Dist. LEXIS 47367
   (N.D. Tex. June 29, 2007) ....................................................................... passim

*Time, Inc. v. Manning*,
   366 F.2d 690 (5th Cir. 1966) ........................................................................ 1, 5

*Wise v. CB Richard Ellis, Inc.,*
　　No. 3:03-CV-1597-D, 2003 U.S. Dist. LEXIS 22597
　　(N.D. Tex. Dec. 9, 2003) ............................................................................ 7

*Young v. Armstrong World Indus., Inc.,*
　　601 F. Supp. 399 (N.D. Tex 1984) .................................................... 5, 6, 8

**STATUTES**

　　28 U.S.C. § 1404(a) ................................................................................ 1

**OTHER AUTHORITIES**

2008 Annual Report of the Director, U.S. District Courts – Median Time Intervals
　　from Filing to Trial of Cases in Which Trials Were Completed, by District, During
　　the 12-Month Period Ending September 30, 2008,
　　http://www.uscourts.gov/judbus2008/appendices/C10Sep08.pdf ................................ 9

**APP 35**

## I.    INTRODUCTION AND SUMMARY OF ARGUMENT

Defendant's motion to transfer should be denied for at least the following reasons:

- None of the public or private factors weigh in favor of transfer, and in fact most factors weigh against transfer.

- Defendant, Defendant's affiliates, and Defendant's President are a party in numerous cases currently pending in this Court, and the interest of judicial economy favors trial of multiple and related cases in a single district.

- Defendant and its attorneys blatantly spins the facts to support a position that is entirely contrary to its previous position based upon the same facts.

## II.    DEFENDANT'S MOTION TO TRANSFER VENUE FOR THE CONVENIENCE OF THE PARTIES AND WITNESSES MUST BE DENIED BECAUSE DEFENDANT HAS NOT DEMONSTRATED THAT TRANSFER IS WARRANTED

Defendant moves to transfer venue to the District of New Jersey pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses.  To warrant a transfer under 28 U.S.C. § 1404(a), the defendant must demonstrate why the forum should be changed.  *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966).  Defendant bears the burden of satisfying the statutory requirements and must "clearly demonstrate that a transfer is 'for the convenience of parties and witnesses, in the interest of justice.'" *In re Volkswagen of America, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008)(citing 28 U.S.C. § 1404(a)). In determining whether transfer is warranted, the district court considers both private and public interest factors, none of which are dispositive.  *See Scheble v. Davenport*, No. 3:07-CV-0189-M, 2007 U.S. Dist. LEXIS 47367, at *4 (N.D. Tex. June 29, 2007) (Lynn, J.).

1                                APP 36

The following private factors are to be considered in determining whether transfer is warranted: (1) the plaintiff's choice of forum; (2) the convenience of the parties and witnesses; (3) the cost of attendance of witnesses and other trial expenses; (4) the location of sources of proof; (5) the place of the alleged wrong; (6) the availability of compulsory process; and (7) the possibility of delay and prejudice if the transfer is granted. *See id.* (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947)). The public factors include: (1) administrative difficulties related to court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary conflict of law problems. *See id.*

Defendant has not established that the balance of the above factors strongly favors transfer. In fact, none of the factors favor transfer, and most of the factors weigh against transfer.

### A.    Interest of Justice Considerations:

First, Defendant, Defendant's affiliates, Defendant's attorneys, and Defendant's President are currently involved in extensive litigation in the Northern District of Texas.[1] When multiple cases involving similar parties, facts or legal theories are pending, the cases should be allowed to proceed in a single district to "promote the effectiveness and efficiency of the litigation and conserve resources of the parties, witnesses, and courts."

---

[1] Defendant Supplement Services is an affiliate of Maximum Human Performance, Inc. ("MHP"). (Doc. 7-2 at 3.) Further, as noted in its brief, Defendant's attorneys filed an identical motion to transfer in *Dymatize Enterprises, Inc. v. Maximum Human Performance, Inc.*, Cause No. 3:09-cv-01840. (Doc. 7 at 4.) Defendant, and its attorneys, even requested that a consistent ruling result from both cases. (*Id.*) By using an identical motion in both cases, the underlying assumption is that the factors regarding transfer are identical in both cases. Thus, Defendant's attorneys state that the factors affecting MHP are likewise applicable to Supplement Services. Further, Gerard Dente is the President of both Supplement Services and MHP. *See* appendix at p. 22. Accordingly, in Evol's response, MHP's and Defendant's attorneys' previous statements will be attributed to Defendant.

2

**APP 37**

*Expressjet Airlines, Inc. v. RBC Capital Mkts. Corp.*, No. H-09-992, 2009 U.S. Dist. LEXIS 64411 at *39-41 (S.D. Tex. July 27, 2009).   Proceeding in a single district promotes judicial economy and eliminates the possibility of inconsistent rulings.   *See Data Treasury Corp. v. First Data Corp.*, 243 F. Supp. 2d 591, 594 (N.D. Tex. 2003)(citing *Ricoh Co., Ltd. v. Honeywell, Inc.*, 817 F. Supp. 473, 487-88 & n.27 (D.N.J. 1993)).

Currently, Defendant is involved in at least four cases in the Northern District of Texas including this one.   The first action is *Dymatize Enterprises, Inc. v. Maximum Human Performance, Inc.*, Civil Action No. 3:09-cv-0046 (hereinafter "Dymatize I".)   In the second action, Defendant's affiliate brought suit against Dymatize Enterprises, Inc. ("Dymatize") in the District Court of New Jersey, bearing Civil Action No., 2:09-cv-00235 (hereinafter "The First New Jersey suit").   In the First New Jersey suit, Dymatize sought and was granted a transfer to the Northern District of Texas, where it was assigned Civil Action No. 3;09-cv-1719.   That matter has been consolidated with the Dymatize I. Discovery has commenced in both suits, and the consolidated cases are moving forward. Defendant will have to produce witnesses and evidence in the Northern District of Texas, many of which may overlap with the instant case.   Considering the foregoing, denying the transfer will promote judicial economy and efficiency, and reduce the possibility of inconsistent judgments.   *See Expressjet Airlines, Inc.*, 2009 U.S. Dist. LEXIS 64411 at *39-41; *see also Data Treasury Corp.*, 243 F. Supp. 2d at 594.

Furthermore, on November 11, 2009, the case styled *Dymatize Enterprises, Inc. v. Maximum Human Performance, Inc.*, Cause No. 3:09-cv-01840 (hereinafter "Dymatize II") was transferred to this Court's docket for possible consolidation with the instant case.

3

**APP 38**

*See* appendix at p. 18. Thus, Defendant and Defendant's affiliates are involved in four cases currently pending before the Court. Consequently, there is a possibility that the instant case and Dymatize II will be consolidated with the two previously consolidated cases. The mere possibility of consolidation, tied with the fact that Defendant affiliates and President are currently involved in extensive litigation in the Northern District of Texas strongly weighs against transfer.

Additionally, on November 11, 2009, Defendant's affiliate filed suit against Evol alleging false advertisement in New Jersey, *Maximum Human Performance, Inc. v. Dymatize Enterprises Inc.*, Civil Action No. 2:09-cv-05755, (hereinafter "The Second New Jersey action"). Appendix pp. 3-17. In filing the suit in New Jersey and alleging false advertising of Evol's and Dymatize's products, Defendant and Defendant's attorneys have asserted that New Jersey is the proper venue to try an action involving a Texas corporation's products. However, this is completely at odds with the instant motion wherein Defendant and Defendant's attorneys are asserting that New Jersey is the proper venue to try an action involving a New Jersey corporation's products. The following chart illustrates what Defendant and Defendant's attorneys believe to be the proper venue under different circumstances.

|  | First New Jersey Suit | Second New Jersey Suit | Instant Action |
|---|---|---|---|
| Based upon false advertising of products by a Texas Corporation | New Jersey | New Jersey | - |
| Based upon false advertising of products by a New Jersey Corporation | - | - | New Jersey |

**APP 39**

As seen above, it appears that Defendant and Defendant's attorneys believe the proper venue to try any action, regardless of the foundation of the action, is New Jersey. The interest of justice disfavors awarding Defendant, and Defendant's attorneys, for arguing contrary positions when presented with the same facts. As such, the interest of justice weighs heavily against transfer.

### B. Private Factors:

#### 1. The Plaintiff's Choice of Forum

A plaintiff's choice of forum is "highly esteemed." *Scheble*, 2007 U.S. Dist. LEXIS 47367, at *6 (quoting *Time*, 366 F.2d at 698). Accordingly, "[a] plaintiff's choice of a proper forum is a paramount consideration . . . and that choice should not be lightly disturbed." *Id.* (quoting *Young v. Armstrong World Indus., Inc.*, 601 F. Supp. 399, 401 (N.D. Tex 1984)). Furthermore, more deference is given to the plaintiff's choice of forum when "the forum selected has a legally relevant factual nexus to the plaintiff and the claims in the case." *Id.* Evol is a Texas corporation and has its principal place of business in Texas. *See* appendix. at p. 74. Accordingly, the instant forum has a factual nexus to the plaintiff, and Evol's selection of forum is entitled to great deference.

#### 2. The Convenience of the Parties and Witnesses

The convenience to the witnesses is usually recognized as the most important factor in a § 1404(a) transfer analysis. *Scheble*, 2007 U.S. Dist. LEXIS 47367, at *10. While the convenience of party witnesses is given some weight, the more important factor is the convenience of non-party witnesses. *Id.* "A defendant must 'prove *with peculiarity*' the reasons he is inconvenienced, and with respect to witnesses, '[t]he party seeking the transfer must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover.'" *Id.* (quoting *Young*, 601 F. Supp.

**APP 40**

at 401) (emphasis added to original); *see also Levy v. City of Rio Grand City*, No. 3-04-CV-0381-B, 2004 U.S. Dist. LEXIS 28490, at *11-12 (N.D. Tex. Dec. 9, 2004) (Kaplan, J.). Defendant has failed to meet this burden. Defendant has not specified any key witnesses, let alone any non-party witnesses, nor has Defendant provided the content of any potential witnesses' testimony. As noted above, Defendant is already involved in ongoing litigation in Texas. Much of Defendant's evidence and many of its witnesses, including its President Gerard Dente, will already be produced in the ongoing litigation, which undermines the convenience argument. *See* appendix at p. 22.

Furthermore, it is worth noting that in the First New Jersey suit Defendant's affiliate and Defendant's attorneys discussed the convenience of the witnesses and stated that "[a]lthough travel from Texas to New Jersey may be modestly inconvenient, it would be equally inconvenient for MHP's witnesses to travel from New Jersey to Texas." Appendix at p. 65. They continued that the moving party "has failed to meet its burden, that for the convenience of the parties and witnesses, or for the production of books and records, the Texas forum is the more convenient forum." *Id.* The same argument is applicable here. As such, the convenience of the witnesses weighs against transfer. Likewise, because Defendant is already involved in the pending actions in the Northern District of Texas, the Defendant or officers of the Defendant will also have to attend the pending actions. Accordingly, the convenience of the parties also weighs against transfer.

### 3. The Cost of Attendance of Witnesses and Other Trial Expenses

As stated above, "[t]he party seeking the transfer must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover." *Young*, 601 F. Supp. at 401. Because Defendant has failed to do this, Defendant

has failed to prove that the cost of attendance of witnesses weighs in favor of transfer. Additionally, while Defendant argues that litigation in a forum in which witnesses would have to travel more than 100 miles is burdensome and will increase the costs of litigation to Defendant, the truth is that a court may not transfer venue where the result would be to merely shift the burden from one party to the other. *See Eastman Med. Prods., Inc. v. E.R. Squibb & Sons, Inc.*, 199 F. Supp. 2d 590, 595 (N.D. Tex. 2002) (Lynn, J.). Such a shift of burden is exactly what would occur in the case at bar, therefore, this argument is moot.

### 4. The Location of Sources of Proof

Courts have found that although the accessibility and location of sources of proof are considerations in a court's transfer analysis, they are of only minor significance because "documents can be copied and mailed, or scanned and emailed." *Scheble*, 2007 U.S. Dist. LEXIS 47367, at *13; *see also AdvanceMe, Inc. v. RapidPay*, LLC, 450 F. Supp. 2d 669, 675 (E.D. Tex. 2006) (stating that "typically, documents and other records are easily transportable in paper or electronic form). Thus, even if Defendant's documents and evidence are located at Defendant's headquarters in New Jersey, these documents are easily transportable. This factor, therefore, is only of minor significance. Further, as Defendant's attorneys previously asserted, the movant "fails to claim that the relevant books and records could not be produced in either forum." Appendix at p. 65.

Furthermore, the party seeking transfer must show what documents exist in the forum requested by the party seeking transfer and the number and volume of documents and records. *See Wise v. CB Richard Ellis, Inc.*, No. 3:03-CV-1597-D, 2003 U.S. Dist. LEXIS 22597, at *17 (N.D. Tex. Dec. 9, 2003) (Fitzwater, J.) (holding that factor was neutral where the party seeking transfer had not clearly demonstrated the number and

7

**APP 42**

volume of documents and records); *NDC Invs. LLC v. Lehman Brothers, Inc.*, No. 3:05-CV-2036-D, 2006 U.S. Dist. LEXIS 53739, at *14 (N.D. Tex. July 21, 2006) (Fitzwater, J.) (holding that factor was neutral where moving party had adduced no evidence concerning the volume of documents or the difficulty in transporting them to the forum requested by the party seeking transfer); *Scheble*, 2007 U.S. Dist. LEXIS 47367, at *13 (holding that factor did not outweigh plaintiff's choice of forum because defendant failed to show what documents existed in the forum requested by the party seeking transfer that would be relevant to the litigation). Thus, because Defendant failed to specify what documents exist in New Jersey, along with the number and volume of documents and records, this factor does not favor transfer.

### 5. The Place of the Alleged Wrong

Evol's and Defendant's products are sold all across the country. (Doc. 7 at 4.) Therefore, the false advertising likely occurred in many different locations. This case is dissimilar from a car accident, for example, which has a specific place of wrong doing. Thus, this factor is neutral.

### 6. The Availability of Compulsory Process

While Defendant claims that all of Defendant's anticipated witnesses reside in New Jersey, and would be amenable to subpoena in New Jersey, Defendant fails to "clearly specify the key witnesses to be called and . . . make a general statement of what their testimony will cover." *Young*, 601 F. Supp. at 401. Moreover, Defendant failed to identify any unwilling witnesses whose testimony would need to be compelled. *See Research in Motion Ltd. v. Visto Corp.*, No. 3:06-CV-0783-D, 2007 U.S. Dist. LEXIS 36189, at *8 (N.D. Tex. May 17, 2007) (Fitzwater, J.) (holding that factor was neutral where there did not appear to be any unwilling witnesses whose testimony had to be

8

compelled).   Because Defendant failed to specify key witnesses to be called, make a

general statement of what their testimony will cover, and identify any unwilling

witnesses whose testimony would need to be compelled, Defendant has failed to prove

that the availability of compulsory process weighs in favor of transfer.   As such, this

factor is neutral.

### C.   Public Factors:

#### 1.   Administrative Difficulties Related to Court Congestion

It will be more convenient for all parties to try the suit in Texas because of the

speed in which the matter can be litigated at the Northern District of Texas.   The median

time interval in the Northern District of Texas from filing to trial is 24.0 months for a jury

trial.   This is significantly lower than the median trial time interval in the District of New

Jersey, which is 39.5 months for a jury trial.   The difference of 15.5 months suggests that

a much speedier resolution to this matter can be had in the Northern District of Texas.[2]

This factor weighs against transfer.

#### 2.   The Local Interest in Having the Localized Interests Decided at Home

Defendant argues that, compared to Texas, New Jersey has a strong interest in

deciding this case.   It should be noted, however, that in the First New Jersey suit,

Defendant's attorneys took the completely opposite position and stated that New Jersey

had a "local interest in deciding local controversies in its home district" when the

allegedly false advertisements entered New Jersey but when the alleged wrongdoer was

from Texas.   Appendix at p. 66.   In the instant case, where the alleged wrongdoer is from

---

[2] *See* 2008 Annual Report of the Director, U.S. District Courts – Median Time Intervals
from Filing to Trial of Cases in Which Trials Were Completed, by District, During the
12-Month Period Ending September 30, 2008,
http://www.uscourts.gov/judbus2008/appendices/C10Sep08.pdf.

New Jersey and the allegedly false advertisements entered Texas, Defendant and its attorneys are asserting that New Jersey has a strong interest in deciding the case.  The two arguments are completely at odds.   Again, the only similarity between the two arguments is that the Defendant and its attorneys believe the proper venue is always New Jersey.

Taken collectively, despite Defendant's attempt at spinning the exact facts in polar opposite directions, none of the factors weigh in favor of transfer.  In fact, all of the factors either weigh against transfer or are at best neutral.   When Defendant's best argument is neutral, it is clear that the Defendant has not met its burden.  Consequently, the motion to transfer should be denied.

III.    **CONCLUSION**

For all the foregoing reasons, Plaintiff respectfully requests that the Court deny

the motion to transfer.

Dated: November 18, 2009                    Respectfully submitted,

                                            CARSTENS & CAHOON, LLP


                                            s/ Casey L. Griffith
                                            David W. Carstens
                                            Texas Bar No. 03906900
                                            Casey L. Griffith
                                            Texas Bar No. 24036687
                                            Bobby W. Braxton
                                            Texas Bar No. 24059484
                                            Amanda K. Jenkins
                                            Texas Bar No. 24054550
                                            13760 Noel Road, Suite 900
                                            Dallas, Texas 75240
                                            Telephone:   (972) 367-2001
                                            Facsimile:  (972) 367-2002

                                            **COUNSEL FOR PLAINTIFF**
                                            **EVOL, INC.**

11

## CERTIFICATE OF SERVICE

I hereby certify that I have this 18th day of November, 2009, electronically filed the foregoing with the Clerk of court using CM/ECF system which will send notification of such filing to the following person(s) via email:

**Attorneys for Defendant**

| | |
|---|---|
| Prescott W. Smith | Robert J. Schoenberg |
| Craig W. Weinlein | Riker Danzig Scherer Hyland & Perretti, LLP |
| Carrington, Coleman, Sloman & | Headquarters Plaza |
| Blumenthal, LLP | One Speedwell Avenue |
| 901 Main Street, Ste. 5500 | Morristown, New Jersey 07962-1981 |
| Dallas, Texas 75202 | |

s/ Casey L. Griffith
Casey L. Griffith

**APP 47**